COMPTON, executor, *v.* HENDRICKS *et al.*

1. The court's instruction to the jury, and the omission to charge in connection therewith, assigned as error in the motion for new trial, were not erroneous.
2. There was sufficient evidence to support the verdict.

No. 3238. JANUARY 22, 1923.

Equitable petition. Before Judge Hodges. Madison superior court. April 22, 1922.

*Thomas J. Shackelford* and *Shackelford & Meadow,* for plaintiff.

*Berry T. Moseley* and *W. W. Stark,* for defendants.

ATKINSON, J. A husband and wife were of the ages eighty-seven and seventy-nine respectively. The wife had two thousand dollars, derived from the sale of her separate estate, which she delivered to her husband to deposit in a designated bank. The husband deposited the money and received two time certificates of deposit for equal amounts. After one year they were renewed for the principal and accumulated interest, so that each new certificate was for one

thousand and fifty dollars. The new certificates were identical in all respects, a copy of one of which being as follows:

| | |
|---|---|
| Certificate of Deposit. | No. 1488          Bank of Bowman          $1050.00<br><br>                              Bowman, Ga. Jan. 8, 1921.<br>Mrs. Mary Hendrick & A. C. Hendrick has deposited in this Bank one thousand and fifty & no/100 dollars, payable to the order of self in current funds, on return of this certificate properly endorsed, with interest at the rate of five per cent. per annum, payable Jan. 8, 1922. No interest thereafter.<br>Not subject to check.          C. E. Teasley, Cashier. |

"Payable to either or the survivor."

The wife died on May 5, 1921, leaving a will; and the executor instituted an action against the husband and the bank, seeking to enjoin payment of the certificates to the husband, and to have a decree entitling the executor to one half of the amount represented by the certificates. On the final trial there was evidence, though contradicted, tending to show, and sufficient to authorize a finding, that the wife knew the contents and form of each certificate, and that in making the deposit she had directed her husband to have the certificates of deposit so made that the money should be payable to both or either of them if living, or, if one be dead, to the survivor. There was no evidence from which the jury could have inferred that the words, "payable to either or the survivor," were placed on the certificates subsequently to their original execution. Under appropriate instructions the court submitted the case as controlled by the issue of whether or not the wife authorized the deposit to be made in the bank in the manner stated in the certificates and "payable to either or the survivor," as indicated therein; and charged that if the wife did not give such instructions, the verdict would be for the plaintiff. The jury found in accordance with the contentions of the defendant. The plaintiff excepted to the refusal of a new trial.

1. The court did not err in charging as specified in the first special ground of the motion for a new trial, nor in omitting to charge, in connection therewith, "that said two certificates issued by the Bank of Bowman, being made payable to A. C. Hendricks, and Mary Hendricks, or order of self, was jointly owned by the said

A. C. Hendricks and Mary Hendricks, since said certificates had not been transferred; and that the notation on the margin of said certificates, namely, ' Payable to either or the survivor,' was not a part of said certificates, and that the controlling part of said certificates was expressed in the body of the same, to wit: ' Payable to A. C. Hendricks and Mary Hendricks, or order of self;' and that if there was no explanation of the notation on the margin of said certificates as to when or by whom said notations were made, the jury could not consider the same." Nor did the court err in omitting to charge that "the words, ' Payable to either or the survivor,' which appeared on two of the certificates of deposit in question, and being written on the margin of the same and below the signature, would have no effect on said instrument, unless said marginal note was shown to have been entered thereon at the time the same was executed, and was intended by both parties to the instrument to become a part thereof."

2. The evidence was sufficient to support the verdict, and the court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*