19700. CHILDS *et al. v.* SHEPARD.

DUCKWORTH, Chief Justice. This case is one in equity for injunctive relief and seeks to set aside certain joint-survivorship savings and loan-association accounts between Miss Sara C. Florence, now deceased, and defendants, Mrs. Hannie Emma Davis and Mrs. Florence Brooks Childs, on the ground that the creation of such accounts was made under undue influence. The case was originally brought by the guardian of Miss Florence, but since her death the executor of her estate has been substituted as the plaintiff. The case was tried before a jury and resulted in a mistrial. Having made a motion at the close of the evidence for a directed verdict in their favor, which was denied, the defendants filed a motion for judgment notwithstanding the mistrial, under Code (Ann. Supp.) § 110-113 (Ga. L. 1953, Nov. Sess., pp. 440,444), which was denied. The exception here by the defendants as plaintiffs in error is to that judgment. *Held:*
1. While the plaintiffs in error here are the cousins of the deceased, and this will not in and of itself create a confidential

relationship, the deceased was an aged woman of about 95 years of age, suffering from progressive arteriosclerosis—a degenerating disease—whose mental and physical conditions gradually declined in the last years of her life, weakened from several illnesses requiring long periods of hospitalization, who authorized the cousins to pay her bills, secure nurses for her, handle her personal business, and she changed her bank account into a joint one with one of the cousins in order that this defendant might sign checks because she was physically unable to do so; and this evidence is sufficient to show a confidential or fiduciary relationship under Code § 37-707, since these defendants were the agents of the deceased. Compare *Sutton* v. *McMillan*, 213 *Ga.* 90 (3) (97 S. E. 2d 139), and cases cited.

2. While the evidence here was in conflict as to whether or not any undue influence was used in obtaining the gifts under the survivorship rights of the savings and loan accounts, there arose a presumption of undue influence—the defendants and the deceased sustaining a confidential relationship, the deceased being of weak mentality due to age and disease, and the defendants who reaped the benefits occupying a dominant position—and it was a jury question as to whether or not this presumption was overcome by the evidence. *Trustees of Jesse Parker Williams Hospital* v. *Nisbet*, 191 *Ga.* 821 (6) (14 S. E. 2d 64). Hence the court did not err in denying the motion for a judgment, brought under the authority of Code (Ann. Supp.) § 110-113.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 15, 1957—DECIDED JUNE 11, 1957—REHEARING DENIED JULY 3, 1957.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, A. G. Cleveland, Jr., Barry Phillips,* for plaintiffs in error.

*John W. Crenshaw,* contra.