21020. McGAHEE, by Executor v. WALDEN *et al.*

DUCKWORTH, Chief Justice. This is an action by the executor of an estate to recover certain personal property and a sum of money allegedly given to the defendants by the deceased while under the undue influence of the defendants, standing in a confidential or fiduciary relationship with the deceased, who was a sick, aged, and infirm person, suffering from a brain tumor from which she died. The case proceeded to trial and the jury returned a verdict for the defendants. A motion for new trial, as later amended, was filed and denied, and the exception is to this judgment. *Held:*

1. Both the evidence and the pleadings showing that the deceased was an infirm and aged woman, suffering from a brain tumor, whose mental and physical condition declined during

the last years of her life, weakened by the damage to her brain by the illness from which she died, and that the defendants stood in a confidential and fiduciary capacity to her under Code § 37-707, whereby they administered medicines to her and cared for her in her illness, took care of her personal business, hired nurses for her, cared for her in their home, and she changed her bank account to make it a joint one with her nephew, one of the defendants, there arose a presumption of undue influence, and the court should have charged on undue influence and the shifting of the burden of proof, and erred in failing to charge thereon. The fourth special ground, complaining of the failure to charge on undue influence, confidential or fiduciary relationship, and the shifting of the burden of proof, was meritorious, and the court erred in denying the motion for new trial as amended on this ground. *Trustees of Jesse Parker Williams Hospital v. Nisbet,* 191 Ga. 821 (14 S. E. 2d 64); *Childs v. Shepard,* 213 Ga. 381 (99 S. E. 2d 129).

2. The first three special grounds of the amended motion complain of the charge and failure to charge on the contention of the plaintiff that the sum of money sought to be recovered was a fund given to the deceased by her son to keep for him but to use to support herself, if needed. Both the evidence and the pleadings point out that the son gave money to his mother, but there was no evidence that she held it as a trust fund for him or that the gift sought to be recovered was the property of the son. There is no merit in these three grounds.

3. While equity raises the presumption of undue influence where persons standing in a confidential or fiduciary relationship with the donor or grantor derive a possible benefit from a deed, gift, contract, or the like, since the law implies a condition of superiority to such party, yet where the evidence on the trial is in conflict, it is a question for the jury to determine, and there being ample evidence to support the verdict, the court did not err in denying the motion on the general grounds of the motion for new trial. But, for the failure properly to charge, as ruled in headnote 1, a new trial must be ordered.

*Judgment reversed. All the Justices concur.*

354

*Jack D. Evans*, for plaintiff in error.
*Stevens & Stevens*, contra.