41222.   DODSON et al. v. NEWARK INSURANCE COMPANY.
41223.   DODSON et al. v. NORTH RIVER INSURANCE COMPANY.
41224.   DODSON et al. v. ROYAL INDEMNITY COMPANY.

ARGUED MARCH 3, 1965—DECIDED MAY 21, 1965—
REHEARING DENIED JUNE 8, 1965.

*Sullivan, Herndon & Smith, Richard H. Herndon,* for plaintiffs in error.

*Kennedy & Sognier, John W. Sognier,* contra.

FRANKUM, Judge. M. G. Dodson, Lucille Dodson Simpson, and Ruby Dodson Steinkirchner sued Newark Insurance Company, North River Insurance Company, and Royal Indemnity Company to recover on fire insurance policies issued to them by the defendants insuring against fire and lightning their "brick and frame, approved roof building occupied as restaurant and liquor store" located on the Ogeechee Road in Chatham County, Georgia. The policies sued on were identical as to their material provisions and each insured, in addition to the restaurant and liquor store, a two-story frame building "occupied as a tourist dwelling" which was situated adjacent to the restaurant and liquor store. The defendants in their answers denied liability and contended that the insurance provided for the restaurant and liquor store building was subject to a provision of the policies suspending insurance while the building "is vacant or unoccupied beyond a period of sixty (60) consecutive days" without permission of the defendants. In connection with this defense the defendants filed requests that the plaintiffs admit that the property allegedly covered by the fire insurance policies sued on was vacant and unoccupied on the date of the fire and had been vacant and unoccupied for a period of more than sixty consecutive days prior thereto. The plaintiffs answered these requests in the affirmative, and thereafter the court granted the defendants' motions for summary judgments in their favor. The exceptions here are to those judgments.

As stated above, the policy of insurance sued on in each case provided fire and lightning insurance coverage on two separate and distinct buildings, one occupied as a restaurant and liquor store, and the other occupied as a "tourist dwelling." Each policy had attached thereto as riders three forms referred to on the face of the policy, two of which are material to the issue presented by the plaintiffs' appeals. In each case these forms appear to be identical. One of these forms was headed: "General Forms: Optional Co-Insurance Contract." At the bottom of the first page of this form under "Notes to Agents" appears the following: "This form may be used in covering such risks

as Mercantiles—Theatres—Churches—Schools—Public Buildings—Manufacturing Plants." The other form attached to the policy in each instance was headed: "Dwelling and Contents Form (For use in Writing Fire or Fire with Extended Coverage.) Not Applicable to Farm Property." This form contained, among others, the following clause: "Permission Granted—(a) For other insurance; (b) for such use of premises as is usual or incidental to the described occupancy; (c) *to be unoccupied or vacant without limit of time;* and, (d) to make alterations, additions and repairs and to complete structures in course of construction, and this policy (so far as it applies to building) covers all lumber and materials on the premises or adjacent thereto." (Emphasis supplied.)

The plaintiffs contend that, under the last quoted clause of the Dwelling and Contents Form of the policies, the general provision contained in the standard Georgia fire insurance contract at lines 33 through 35, suspending insurance while the described building is vacant or unoccupied beyond a period of sixty consecutive days without the permission of the insurance companies, was modified or waived by the insurance companies as to the restaurant and liquor store. This contention is based on the further contention that the "Permission Granted" clause appearing in the "Dwelling and Contents Form" is a part of a general rider attached to the policy which modifies the policy terms with respect to all of the insured property listed on the face of the policy and cannot be limited in its application merely to the dwelling solely by reference to the heading of the form. In other words, the plaintiffs' contention is that the heading of the form is no part of the contract and may not be considered by the court in arriving at the intention of the parties with respect to the contract terms. In support of this contention plaintiffs cited *Augusta Factory v. Mente & Co.,* 132 Ga. 503, 508, 509 (64 SE 553); Connolly v. Standard Cas. Co., 76 S.D. 95 (73 NW2d 119); Maryland Cas. Co. v. Massey (CCA 6), 38 F2d 724; and Hill v. Travelers Ins. Co., 146 Iowa 133 (124 NW 898). With respect to these cases it is sufficient to say that we have examined them and that they stand for no more than the general proposition that captions or marginal notations contained in contracts should never of

themselves be taken to override the intention of the parties to a contract, and that where, as in each of those cases, the caption or marginal notation relied on is so at variance with what appears in the body of the instrument that it is apparent that the parties intended something different from what is indicated or claimed to be indicated by the caption or marginal notation, such caption or marginal notation should be disregarded.

While no Georgia case expressly deciding this question has been called to our attention, it is apparent that the true rule, virtually universally recognized in all jurisdictions, is that captions and marginal notations contained in contracts may be "read in connection with the clauses inserted under them, [as an aid] in arriving at the intention of the parties." Thompson v. State Auto. Mutual Ins. Co., 122 W. Va. 551 (5) (11 SE2d 849). This general rule has been tacitly recognized in Georgia on at least one occasion. *Compton v. Hendricks,* 154 Ga. 808, 809 (1) (115 SE 654). See also Pennsylvania Co. &c. v. Ohio Farmers' Ins. Co., 7 FSupp. 701, and Inter-Ocean Cas. Co. v. Scruggs (Ala. Ct. of App.), 131 S 549, which recognized and applied the same rule.

Applying the above stated general proposition to the insurance contracts in these cases it is apparent that it was the intention of the parties that the limited vacancy provision contained in the standard fire insurance form would be modified only as to the dwelling insured by the policies. The policies insured two buildings, one a tourist dwelling, and the other a restaurant and liquor store. One of the attached forms plainly by its terms was intended to apply to commercial and mercantile establishments, into which category the restaurant and liquor store plainly fell. It contained no unlimited vacancy clause, nor any other clause which could be construed as in any way modifying or waiving the provisions of the standard fire policy form relating to vacancy or non-occupancy. The other form, headed "Dwelling and Contents," provided that any dwelling coverage should include building equipment and fixtures and outdoor equipment pertaining to the services of the premises, and in several places refers to the "principal *dwelling,*" "the described *dwelling,*" and with respect to its treatment of "contents coverage" (which coverage was not afforded under the particular policies here

involved), provided that "such insurance shall only cover other household and personal property usual or incidental to the occupancy of the premises as a *dwelling*," including household and personal property "usual or incidental to a *dwelling*," and property belonging to the insured or to a member of his family "while contained in the described *dwelling* or appurtenant private structures or while on the described premises." (All italics in the foregoing extracts are ours.) This form and only this form contained the unlimited vacancy clause relied on. If there be any doubt, after reading the various provisions contained in the body thereof from which we have quoted extracts, that it was the purpose and intent of the parties that this form should apply to the dwelling insured by the policy and not to the restaurant and liquor store, this doubt, most assuredly, is dispelled by the use of the caption "Dwelling and Contents Form."

The trial court did not err in granting the defendants' motions for summary judgments.

*Judgment affirmed. Bell, P. J., and Hall, J., concur.*