23036. WILSON, Administrator v. BROWN.

CANDLER, Presiding Justice. J. R. Wilson, Jr., as administrator of the estate of Johnson Brown filed a suit in the Superior Court of Fulton County against Artelia Brown whereby he prayed for judgment against her for $11,794.88 and for a judgment decreeing title in his intestate's estate to certain described realty in Fulton County. His petition alleges: Johnson Brown died March 25, 1964. At the time of his death he had on deposit with Mutual Federal Savings & Loan Association of Atlanta $11,794.88. During his life he delivered his passbook to Mrs. Myrtice Stewart, his agent, for safekeeping. About a week before his death, he instructed her to deliver it to his daughter, Artelia Brown, if he died before he changed his account in such savings and loan association. He made no change in the account and after his death Mrs. Stewart delivered his passbook to the defendant and she withdrew his funds from the association and has refused on demand therefor to account to petitioner for them. The petition further alleges that Johnson Brown purchased a house and lot in Fulton County known as 1156 Hardee Street, N. E., on February 7, 1961, from W. C. Morrissett for a recited consideration of $10 and other valuable consideration and had him convey such property jointly to

him and his daughter, Artelia Brown, by a warranty deed; that decedent paid for said realty in full out of his own personal funds; that he did not intend for Artelia Brown to have any interest in such property; and that he had her name placed in the deed as one of the grantees only for homestead tax exemption purposes.

The defendant answered the petition and averred that she and her father Johnson Brown on November 16, 1960, opened an account with the Mutual Federal Savings & Loan Association and as evidence thereof a certificate of deposit was issued to them in the name of "Johnson Brown and/or Artelia Brown" and since she survived her father, she was sole owner of the funds in the account and consequently had a right to withdraw them from the association. Further answering the petition, she averred that she and her father, Johnson Brown, purchased and jointly paid for the land involved and that her father later for a consideration of $10 conveyed his undivided half interest in such property to her by a warranty deed. She further averred that she was in actual possession of such property and had been since February 1961.

The defendant moved for a summary judgment in her favor on the grounds that there was no genuine issue of fact involved in the case and that she was entitled to judgment as a matter of law. In support of her motion she presented to the court an affidavit by Hamilton Glover in which he deposed: He was an officer of Mutual Federal Savings & Loan Association of Atlanta and as such officer had custody and control of its savings account records, including all of the instruments relating to account No. 08973 which was opened on November 16, 1960, in the name of "Johnson Brown and/or Artelia Brown," and, as exhibits thereto, he attached photostatic copies of the application Johnson Brown and Artelia Brown made to the association for such share account; a certificate by the association for such share account; a certificate by the association showing that Johnson Brown and/or Artelia Brown held a savings account representing a share in the association "subject to its charter and by-laws, the Rules and Regulations for the Federal Savings and Loan System, and the laws of the United States of America"; a passbook issued by the association to Johnson Brown and/or Artelia Brown on November 16, 1960, which shows that

Artelia Brown withdrew from such account $11,794.88 after the death of Johnson Brown; also an affidavit by the defendant Artelia Brown, in which she deposed: She and her father, Johnson Brown, jointly purchased the land involved from W. C. Morrissett on February 7, 1961, and that her father conveyed his undivided half interest in it to her on December 12, 1963, by a duly executed warranty deed; and also affidavits by Addie G. Barksdale, a notary public, Myrtice Stewart and C. E. Prothro, Sr. who testified they witnessed the signing and delivery of a warranty deed from Johnson Brown to Artelia Brown, his daughter, by which he conveyed to her his undivided half interest in the land here involved, and there is attached to the latter's affidavit, as an exhibit, a photostatic copy of such deed. The plaintiff responded to defendant's motion for judgment and presented to the court an affidavit by Hamilton Glover to which he likewise attached as exhibits photostatic copies of all instruments relating to the account Johnson Brown and/or Artelia Brown had with the association, including orders withdrawing the balance due thereon by Artelia Brown. He also presented an affidavit by Elsie Mills in which she deposed: She was a daughter of Johnson Brown. Her father sold his home in Conyers, Ga., during 1960 for $18,000 and deposited the proceeds from such sale in Mutual Federal Savings & Loan Association of Atlanta in the names of Johnson Brown and/or Artelia Brown; that Artelia Brown owned no part of the funds deposited with the association nor did she thereafter add any funds to the account; and that her father had possession of his passbook at all times until his death. He also presented an affidavit from Myrtice Stewart in which she deposed: Pursuant to oral direction from Johnson Brown, she delivered the passbook which the association had issued to him and/or Artelia Brown to the defendant after his death. A summary judgment in favor of the defendant was granted and plaintiff excepted to that judgment and sued out a writ of error to this court. *Held:*

1. Under the provisions of an Act approved March 17, 1959 (Ga. L. 1959, p. 234), a party against whom a cause of action has been filed may at any time move with or without supporting affidavits for a summary judgment in his favor as to all or any part of such action, and the judgment shall be rendered forthwith if the pleadings, together with affi-

davits and documentary evidence presented, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Code Ann.* §§ 110-1202, 110-1204.

2. The common law doctrine of survivorship among joint tenants was abolished in this State by the Constitution of 1777. *Lowe v. Brooks,* 23 Ga. 325, 332. See also *Code* § 85-1002. But in *Equitable Loan & Security Co. v. Waring,* 117 Ga. 599 (9) (44 SE 320, 62 LRA 93, 97 ASR 177) it was held: "Joint tenancy, with its incident of survivorship, as it existed at common law, is abolished. While survivorship is not favored by the law of this State, and will never arise by operation of law, it is not prohibited; and when a contract provides for it in express terms, or by necessary implication, the law will allow the contract to be enforced." "Of course all presumptions are against such an intention; but where the contract . . . provides, either in express terms or by necessary implication, that the doctrine of survivorship shall be recognized, we know of no reason why a provision in the contract . . . dependent upon such doctrine may not become operative under the laws of this State." Id., p. 676. In several other States where the common law doctrine of survivorship among joint tenants had been abolished, the highest courts thereof have made rulings like the one in *Waring's* case. See First Nat. Bank v. Lawrence, 212 Ala. 45 (101 S 663); Wisner v. Wisner, 82 W. Va. 9 (95 SE 802); Illinois Trust & Sav. Bank v. Van Vlack, 310 Ill. 185 (141 NE 546); Taylor v. Smith, 116 N.C. 531 (21 SE 202); Malone v. Sullivan, 136 Kan. 193 (14 P2d 647, 85 ALR 275); and Mardis v. Steen, 293 Pa. 13 (141 A 629). In the case last cited the Supreme Court of Pennsylvania said: "It has been held that this legislation [Act of 1812 abolishing the common law doctrine of survivorship among joint tenants] limited only the legal presumption which formerly followed, and placed no restriction on the freedom of the parties to provide by agreement or otherwise that the right of succession, which existed previous to the act, should apply. In other words, survivorship, as an incident of an estate held by joint tenants, is still lawful and the question is now one of intent, and no particular words are necessary except that the intent be expressed with sufficient clearness to overcome the presumption arising from the statute." Here the deceased and the defendant, his daugh-

ter, "as joint tenants with right of survivorship and not as tenants in common and not as tenants by entirety" applied for a savings account in the Mutual Federal Savings & Loan Association of Atlanta and for issuance of evidence thereof to "Johnson Brown and/or Artelia Brown." By their written application for such share account, they directed the association to act pursuant to any one or more of the joint tenants' signatures in connection with the account and to pay at any time without liability for such payments, the amount deposited by them in such account to either one or both of such depositors or the survivor, and the instrument which each applicant signed for such account recites: "It is agreed by the signatory parties with each other and by the parties with you [the association] that any funds placed in or added to the account by any one of the parties is and shall be conclusively intended to be a gift at that time of such funds to the other signatory party . . . to the extent of his pro rata interest in the account." In these circumstances and applying to them the rulings of this court in *Compton v. Hendricks*, 154 Ga. 808 (115 SE 654) and *Knight v. Wingate*, 205 Ga. 133, 142 (52 SE2d 604), we hold that the applicants for this savings account by contract created between themselves a joint tenancy with its incident right of survivorship in such savings account; that defendant as the surviving tenant was sole owner thereof; and that the association pursuant to direction from the depositing parties properly paid such funds to her as the surviving owner thereof. Since the account which Johnson Brown and/or Artelia Brown had with the association was one of joint tenancy with the right of survivorship, it necessarily follows that no interest in the account passed to the estate of Johnson Brown upon his death. And the affidavit by Elsie Mills whereby she deposed that Johnson Brown owned the funds which were deposited with the association to the joint account of himself and/or Artelia Brown, and that he retained possession of the passbook until his death, does not require a ruling different from the one here made. See *Knight v. Wingate*, supra.

3. The petition alleges that Johnson Brown and the defendant jointly acquired the realty here involved on February 7, 1961, by a duly executed warranty deed, and defendant's affidavits together with a photostatic copy of a warranty deed from Johnson Brown to the defendant which is attached

to one of them as an exhibit shows without dispute that defendant subsequently acquired the undivided one-half interest of the deceased in such realty and hence became the fee simple owner thereof. In these circumstances and since such deeds are not attacked on any ground as being void, we hold that the defendant was entitled to a summary judgment decreeing her to be the sole owner of such realty.

4. For the reasons stated in the three preceding divisions of this opinion, we hold that the trial judge did not err in rendering the judgment complained of.

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 13, 1965—DECIDED SEPTEMBER 9, 1965.

*S. S. Robinson,* for plaintiff in error.
*Marvin G. Russell, Turner Paschal,* contra.