23862. SAMS, Executor v. McDONALD et al.

DUCKWORTH, Chief Justice. This case involves the ownership of a joint savings and loan account after the death of one of the parties shown on the application therefor which provided that both parties were joint owners with the right of survivorship and not as tenants in common or as tenants by the entirety but as joint tenants. The survivor applied to the loan association for the funds, but they were refused, and he brought this action to recover them. The administrator of the estate of the deceased applicant for the account intervened alleging complete ownership of the account by his intestate, claiming it was created only to allow the petitioner to withdraw funds for the sole use of the deceased during emergencies such as illness, hospitalization, nursing and medical care of the deceased which petitioner failed to provide during the intestate's last illness, and that the deceased had been deceived into signing the application for the account as made, and all of the funds were his. His prayer was that the agreement be declared null and void and the funds be decreed to be the property of the estate. A motion in the nature of a general demurrer was made to disallow the intervention, and, after a hearing, the intervention was disallowed and dismissed. *Held:*

This case is controlled adversely to the appellant by the rulings of this court in *Wilson v. Brown,* 221 Ga. 273 (144 SE2d 332). See also *Equitable Loan &c. Co. v. Waring,* 117 Ga. 599 (44 SE 320, 62 LRA 93, 97 ASR 177); *Knight v. Wingate,* 205

Ga. 133 (52 SE2d 604). The survivor is the owner of the account upon the death of the other joint tenant. This is, in fact, a "bad equity" case of which this court has jurisdiction even though the intervention fails to allege sufficient equitable averments to declare the contract null and void. It merely alleges deceit as a conclusion of fraud without basis in fact which is entirely different from *Childs v. Shepard*, 213 Ga. 381 (99 SE2d 129), where a presumption of undue influence was alleged and the evidence, although conflicting, created a jury question of whether or not the presumption was overcome. The lower court did not err in dismissing the intervention.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 10, 1967—DECIDED JANUARY 19, 1967.

*Sams & Sams, Augustine Sams,* for appellant.
*Weekes & Candler, John Wesley Weekes, McCurdy, Candler & Harris, J. Robin Harris,* for appellees.