24108. SAMS, Executor v. McDONALD et al.
24109. McDONALD v. SAMS, Executor, et al.

UNDERCOFLER, Justice. This is the second appearance of this litigation in this court. See *Sams v. McDonald*, 223 Ga. 53 (153 SE2d 538). The controversy involves the ownership of a joint savings account established under an application made by the parties "as joint tenants with the right of survivorship." In the first case the survivor of the joint account brought suit against the savings and loan association to compel payment of the funds to her. The executor of the estate of the deceased joint tenant petitioned for intervention therein which intervention was disallowed and dismissed in the trial court on a motion in the nature of a general demurrer. The dismissal of the intervention was affirmed by this court. Thereafter the executor brought the instant case against the savings and loan association and the survivor to compel payment of the funds to him. The survivor demurred generally to the petition and filed a plea of res adjudicata. The executor appeals from the sustaining of the general demurrer and the survivor cross appeals from the denial of the plea of res adjudicata. *Held:*

1. In the first suit the intervention was dismissed because it

failed to set forth "sufficient equitable averments to declare the contract null and void. It merely alleges deceit as a conclusion of fraud without basis in fact which is entirely different from *Childs v. Shepard,* 213 Ga. 381 (99 SE2d 129)." *Sams v. McDonald,* supra. In the present suit the executor attempted to meet the deficiencies of his intervention as pointed out by this court in the first suit. A hearing was held on the plea of res adjudicata at which evidence was introduced including all of the proceedings in the first case.

"A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." *Code* § 110-501.

The executor had a right to elect his remedy. He exercised this right by attempting to intervene in the former suit and consequently is bound by the judgment rendered against him. That suit was a ruling on the merits of the case and is now res adjudicata as to him and the trial court erred in denying the plea of res adjudicata and the motion to dismiss the petition. *Craig v. American Cigar Box Lumber Co.,* 170 Ga. 731 (1, 2) (154 SE 231). This case is distinguished from *Story v. Pope,* 205 Ga. 523 (54 SE2d 394). In that case it could not be determined whether or not the intervention was dismissed on its merits or whether it was because no such right to intervene existed.

2. The cross appeal has been considered first because it is controlling upon the case as a whole and since the judgment thereon is reversed, it is not necessary to consider the errors alleged in the main appeal. *DeLoach v. Georgia Coast & P. R. Co.,* 144 Ga. 678 (87 SE 889).

*Judgment reversed on the cross appeal. Main appeal dismissed. All the Justices concur.*

ARGUED JUNE 13, 1967—DECIDED JUNE 22, 1967—
REHEARING DENIED JULY 6, 1967.

*Sams & Sams, Augustine Sams,* for appellant (case No. 24108).
*Gary M. Sams, Weekes & Candler, John Wesley Weekes, McCurdy, Candler & Harris, J. Robin Harris,* for appellees.

*Weekes & Candler, John Wesley Weekes, Gary M. Sams,* for appellant (case No. 24109).

*J. Robin Harris, Sams & Sams, Augustine Sams,* for appellees.