44573. CITIZENS & SOUTHERN BANK OF GEORGIA, Executor v. TAYLOR.

ARGUED JULY 7, 1969—DECIDED SEPTEMBER 3, 1969— REHEARING DENIED SEPTEMBER 23, 1969—

*Franklin, Barham, Coleman, Elliott & Blackburn, W. G. Elliott,* for appellant.

*Tillman, Brice, McTier & Coleman, B. Lamar Tillman,* for appellee.

FELTON, Chief Judge. ■ The answer to the principal question in this case depends on whether under the undisputed facts and stipulations there was created by Mr. and Mrs. Taylor a joint tenancy with respect to the moneys deposited in the several banks in the accounts of Mr. *or* Mrs. Taylor. The law covering the subject of joint tenancies is clear and we shall state it without belaboring the point. Joint tenancy, with its incident of survivorship, as it existed at common law, has been abolished in Georgia. Survivorship is not favored by the law of this State and never arises by operation of law. And even though the right of survivorship from a joint tenancy never arises by operation of law it is not prohibited, and a contract between the parties involved or their privies, which expressly or by necessary implication provides for it, may be enforced. *Wilson v. Brown,* 221 Ga. 273 (2) (144 SE2d 332) and cit.; *Sams v. McDonald,* 117 Ga. App. 336 (160 SE2d 594); *Sams v. McDonald,* 223 Ga. 53 (153 SE2d 538). There is no evidence whatever in this case which shows a contract, express or implied, in which Mr. and Mrs. Taylor created a joint tenancy in the

bank accounts, etc., involved. There is evidence that Mr. Taylor, for his part, did so intend. This is not sufficient because Mr. Taylor could not in his individual capacity contract for his wife in a transaction to which she was not a party and to which she did not consent with a distinct understanding of the consequences of such consent. There is in evidence a signature card which Mr. and Mrs. Taylor signed upon making the joint deposits. Presumably all of the cards and passbooks contained the same matter. It reads: "This is a joint account of the parties signatory hereto. The bank may, upon presentation of the passbook, pay moneys from the account to any one of the depositors or to any one of the survivors of them and the receipt of such person on the passbook shall be a valid and sufficient release and discharge to the bank for any payment so made. Each of the parties signatory hereto appoints each of the others as his attorney with power to deposit in the joint account moneys or papers of any of the others and for that purpose to endorse any paper payable to any one of the others or to any of them jointly." It seems clear that this stipulation is a restatement of *Code* § 13-2039 which is designed to protect banks in the payment of deposits. Neither said Code section nor the above stipulation was designed to determine the ownership of funds on deposit as between the depositors and their privies.

In *Wilson v. Brown*, 221 Ga. 273, supra, the agreement between the depositors of the money clearly and distinctly created a joint tenancy. The agreements in this case had no such provision. If depositors would clearly provide for joint tenancies when that is what they intend, litigation over who owns deposits where the agreement protects only the banks and leaves open the question of who owns the balance on deposit after one depositor dies could be avoided.

It is not necessary to decide whether a witness was competent to testify, since conceding for argument only that he was competent, the testimony was totally without probative value as to any agreement, express or implied, on Mrs. Taylor's part, creating joint tenancies in the accounts involved. As between Mr. and Mrs. Taylor, the amounts deposited in the joint accounts became the property of the estate of Mr. Taylor and of

Mrs. Taylor, share and share alike as tenants in common and the court erred in rendering judgment for Mrs. Taylor for the amount of all of the deposits when it should have rendered judgment in favor of each party for one-half of the deposits.

The judgment of the trial court is reversed in part with direction that a new judgment be entered in accordance with this opinion.

*Judgment affirmed in part; reversed in part. Hall and Pannell, JJ., concur. Quillian, J., disqualified.*