25528, 25529. TAYLOR v. CITIZENS & SOUTHERN BANK OF GEORGIA, Executor; and vice versa.

ARGUED DECEMBER 8, 1969—DECIDED JANUARY 8, 1970.

*Tillman, Brice, McTier & Coleman, B. Lamar Tillman,* for appellant.

*Franklin, Barham, Coleman, Elliott & Blackburn, W. G. Elliott,* for appellee.

NICHOLS, Justice. Certiorari was granted in the present case upon applications of both the appellant and the appellee in the Court of Appeals. *Citizens & Southern Bank of Ga. v. Taylor,* 120 Ga. App. 353 (170 SE2d 447). The question presented is whether money on deposit was owned by a husband and wife as tenants in common or as joint tenants with right of survivorship.

On the trial of the case Robbie Robinson, president of the bank where a large portion of the funds had been on deposit,

was called as a witness by the defendant and testified as to conversations with the deceased and as to his intent in converting bank accounts and certificates of deposit from his individual name to the accounts and certificates of deposit out of which this litigation arose. During cross examination it was disclosed that the witness owned approximately 56% of the stock in the bank and as such if $200,000 was to remain on deposit in such bank the bank would make a profit on it, thus making the witness an interested party and incompetent to testify under the provisions of *Code* § 38-1603 (4). The Court of Appeals held that it was not necessary to rule on the question and construed the testimony of the witness as not showing an intent by both the husband and wife to create a joint tenancy with right of survivorship.

The executor contends that such evidence should have been excluded and that without such testimony a finding was demanded that all the funds on deposit should have gone into the testator's estate.

Mrs. Taylor contends that such evidence was admissible and, properly construed, authorized the judgment of the trial judge, who heard the case without the intervention of a jury, that a joint tenancy with right of survivorship existed and that all the funds belonged to her after her husband's death.

■ In dealing with the provisions of the law now codified as § 38-1603 (4), supra, Mr. Justice Gilbert said in *Kitchens v. Pool,* 146 Ga. 229, 232 (91 SE 81): "Whether evidence is admissible in cases like this is often attended with greatest difficulty; for while the rule of law in regard to admissibility is precisely fixed, its proper application is not so simple."

It has often been said that the interest which will disqualify a witness under this Code section is a "legal or pecuniary interest in the result of the suit." See *Nalley Land &c. Co. v. Merchants & Planters Bank,* 187 Ga. 142, 144 (199 SE 815), and citations; *Lankford v. Holton,* 187 Ga. 94, 101 (200 SE 243).

The testimony of the witness Robbie Robinson was not inadmissible under the provisions of *Code* § 38-1603 (4). To hold that a stockholder in a corporation is disqualified under this Code section merely because of anticipation or pessimism as to

future business relations with one or more of the parties to the litigation would exclude a vast majority of witnesses from testifying in any case coming within the ambit of the section.

A judgment in the present case for the executor would not affect any funds on deposit with the bank unless the defendant chose to satisfy the judgment with such funds. There was no evidence as to these funds being the sole assets of the defendant. Nor in the event of a judgment for the defendant would the witness be assured that such deposits would be kept on deposit with the bank in which the witness owned stock.

It is pecuniary interest in the result of the suit which disqualifies a witness and not the *mere possibility* of some pecuniary interest. Thus, the trial court did not err in failing to exclude the testimony of Robbie Robinson.

■ The basis for the holding of the Court of Appeals is that the husband "could not in his individual capacity contract for his wife in a transaction to which she was not a party and to which she did not consent with a distinct understanding of the consequences of such consent," and that there was no evidence, other than her signature on the signature cards, of her consent.

The testimony of Robbie Robinson with reference to changing the accounts into joint accounts was that Mr. Taylor asked him about the effect of so changing the accounts, that before advising him positively he called the attorney who had prepared Mr. Taylor's will and upon being advised of the legality of such action and advising Mr. Taylor that the effect would be to create joint accounts and that when one died the survivor would get the money they "just got to writing them out Mr. or Mrs. J. S. Taylor." On cross examination he testified that, during the conversations with Mr. Taylor, sometimes Mr. Taylor would be alone and at other times Mrs. Taylor would be with him, and on redirect he testified: "Q. In connection with changing these deposits into joint deposit from back in the mid 1950's, did you get a joint signature card signed by Mr. & Mrs. Taylor? A. Yes, sir. Q. And Mrs. Taylor was present in your bank at that time? A. Yes, sir. Q. With her husband? A. Yes, sir. Q. And signed a joint signature card with her husband? A. Yes, sir."

■

This evidence was sufficient to authorize a finding that Mrs. Taylor was a party to enough of the conversation between Mr. Taylor and Mr. Robinson to have been a consenting party to the deposit contracts which created a joint tenancy with right of survivorship. This was the intent of Mr. Taylor and it was with this understanding on the part of both Mr. and Mrs. Taylor that the accounts were changed.

As was properly held by the Court of Appeals: "Joint tenancy, with its incident of survivorship, as it existed at common law, has been abolished in Georgia. Survivorship is not favored by the law of this State and never arises by operation of law. And even though the right of survivorship from a joint tenancy never arises by operation of law it is not prohibited, and a contract between the parties involved or their privies, which expressly or by necessary implication provides for it, may be enforced. *Wilson v. Brown,* 221 Ga. 273, 276 (2) (144 SE2d 332) and cit.; *Sams v. McDonald,* 117 Ga. App. 336 (160 SE2d 594) ; *Sams v. McDonald,* 223 Ga. 53 (153 SE2d 538)." *Citizens & Southern Bank of Ga. v. Taylor,* 120 Ga. App. 353, 355, supra. The intention of the signers of the bank signature cards was to create a joint tenancy with right of survivorship and the fact that language used on the signature card may have been originally placed there by the bank to expressly provide it with the protection given it by *Code* § 13-2039 will not invalidate the intent of the parties.

The Court of Appeals erred in holding that the evidence demanded a finding that no joint tenancy with right of survivorship existed when in fact the judgment of the trial court hearing the case without the intervention of a jury was authorized.

*Judgment reversed. All the Justices concur. Felton, J., disqualified.*