31444. COMMERCIAL BANKING COMPANY v. SPURLOCK.

INGRAM, Justice.

We granted certiorari in this case to consider whether a bank which holds a note and security agreement executed by only one of two joint owners of a certificate of deposit with the right of survivorship, may set off the individual debt against the joint certificate of deposit after the death of the individual debtor. The Court of Appeals, in *Spurlock v. Commercial Bkg. Co.,* 138 Ga. App. 892 (227 SE2d 790) (1976), held that the setoff was

improper and that the surviving depositor was entitled to recover the full amount of the certificate of deposit. We think the Court of Appeals was correct and we affirm its judgment.

In November, 1971, the bank issued a $28,000 certificate of deposit to S. T. Spurlock and Victoria B. Spurlock, who were husband and wife. The certificate was issued jointly with the right of survivorship, to mature in November, 1973. In January, 1973, S. T. Spurlock individually executed a $9,000 promissory note payable to the same bank. This note matured in September, 1973. The loan was secured by "crops . . . together with any and all balances, credits, deposits, accounts, items and monies of the undersigned now or hereafter with the holder . . ." It was further agreed that the bank "shall have a lien upon, security title to and a security interest in the collateral to secure the payment of this note. . ."

In February, 1973, prior to the due date of the note and prior to the maturity of the certificate of deposit, S. T. Spurlock died. The loan was not paid when it became due in September, 1973. In November, 1973, Mrs. Spurlock presented the matured certificate of deposit to the bank for payment. The bank refused to pay the full amount of the certificate but instead set off the amount of Mr. Spurlock's debt and tendered the difference to Mrs. Spurlock.

The bank argues that the encumbrance by the husband of his interest in the deposit resulted in a severance of the joint tenancy which defeated the survivorship interest of the wife and subjected the deposit to the lien created by Mr. Spurlock's security agreement. This argument is premised on the common law concept of joint tenancy and the unities of time, title, interest and possession. We believe the Court of Appeals properly rejected this contention. 138 Ga. App. at pp. 895-896.

Common law joint tenancy with the right of survivorship was abolished in Georgia by the Constitution of 1777. *Lowe v. Brooks,* 23 Ga. 325, 332 (1857). See also Code Ann. § 85-1002 (Rev. 1970).[1]

---

[1] But note Ga. L. 1976, pp. 1438, 1439, codified as Code Ann. § 85-1002 (Cum. Supp. 1976), which revised this section.

However, even if a right of survivorship will not arise by operation of law it may be created by contract. *Equitable Loan &c. Co. v. Waring,* 117 Ga. 599 (9) (44 SE 320) (1903). See also *Wilson v. Brown,* 221 Ga. 273 (2) (144 SE2d 332) (1965); and *Nash v. Martin,* 90 Ga. App. 235 (3) (82 SE2d 659) (1954). When so established, the right of survivorship will be enforced. *Taylor v. C. & S. Bank,* 226 Ga. 15 (2) (172 SE2d 617) (1970); *Equitable Loan &c. Co. v. Waring,* supra, at p. 676. Accord, *Spivey v. Methodist Home,* 226 Ga. 100 (172 SE2d 673) (1970).

It is undisputed in this case that a joint tenancy with the right of survivorship was created contractually by this certificate of deposit. Thus, unless the right of survivorship was defeated, Mrs. Spurlock, as the surviving joint tenant owned the entire account upon the death of her husband, the other joint tenant. See *Sams v. McDonald,* 223 Ga. 53, 54 (153 SE2d 538) (1967). Furthermore, ownership vested immediately upon the death of the joint tenant. See *Sams v. First Nat. Bank,* 119 Ga. App. 96 (1) (166 SE2d 394) (1969); and *Sams v. McDonald,* 117 Ga. App. 336 (160 SE2d 594) (1968).

The decisive question, then, is whether the security agreement executed by the husband defeated the wife's survivorship interest. We agree with the Court of Appeals that the security agreement encumbered the husband's interest only and his death, prior to the maturity of the note, terminated his interest and extinguished the bank's lien on the certificate of deposit. See D. A. D., Inc. v. Moring, 218 S2d 451 (Fla. App. 1969); People v. Nogarr, 164 Cal. App. 2d 591 (330 P2d 858) (1958); De Forge v. Patrick, 162 Neb. 568 (76 NW2d 733) (1956); Hopkins Place Savings Bank v. Holzer, 175 Md. 481 (2 A2d 639) (1938). We hold here that the right of survivorship in this joint tenancy account created by contract was not defeated by the husband's individual encumbrance of the account. Consequently, the husband's debt could not be set off against the account because it became vested in its entirety in Mrs. Spurlock, the surviving tenant, upon the death of her husband.

*Judgment affirmed. All the Justices concur.*

Argued November 8, 1976 — Decided January 4, 1977.

*Tillman, Brice, McTier, Coleman & Talley, John T. McTier,* for appellant.

*Denmark Groover, Jr., Bennett & Wisenbaker, Reginald C. Wisenbaker,* for appellee.