**In the Matter of Certificate of Deposit**
**Case No. 1419**
**Athens County (4th)**
**Decided February 27, 1990**
[Cite as 1 AOA 143]

*Mollica, Gall, Sloan & Sillery Company, L.P.A., Mr. Gerald A. Mollica, Athens, Ohio, for Appellant,*

*Lavelle Law Offices, Mr. William A. Lavelle, Athens, Ohio, for Appellee.*

HARSHA, J.

This is an appeal from a judgment entered by the Athens County Court of Common Pleas which granted the motion for summary judgment of Hocking Valley Bank by determining that Hocking Valley Bank had a valid set off in certificates of deposit numbers 120987, 120988, 120989, 806992, 806993, and 806994. Linda Orcutt, appellant, is the widow of Norman D. Orcutt, who died April 10, 1987. His estate is insolvent. In December of 1985, Mr. Orcutt sold his interest in a business venture and with the proceeds, he and Linda Orcutt applied for and received six certificates of deposit from Hocking Valley Bank in the amount of $10,000 each. The certificates were titled in their joint names with right of survivorship. When Mr. Orcutt died, the parties filed a joint complaint for declaratory judgment. Upon receipt of motions for summary judgment from the parties, the trial court held that the language contained in paragraph four of the terms and conditions found on the back of the certificates of deposit created a right to set off for Hocking Valley Bank which was superior to appellant's right to survivorship.

Appellant assigns the following error:

THE COURT BELOW ERRED IN SETTING OFF CERTIFICATES OF DEPOSIT JOINTLY OWNED BY NORMAN ORCUTT AND LINDA ORCUTT WITH RIGHTS OF SURVIVORSHIP AGAINST LOANS OWED TO IT BY NORMAN ORCUTT AFTER HIS DEATH BECAUSE:

A. Unless provided by contract to the contrary, when one joint tenant with the right of survivorship to a certificate of deposit uses the certificate of deposit as collateral to secure a consumer loan, and such joint tenant dies before the loan is paid off,the surviving joint tenant is entitled to the full amount of the certificate of deposit since the bank's right of set off is subordinate to the survivor's right of survivorship and the bank's security interest is extinguished upon the death of the debtor joint tenant.

B. The "set off" provision of the Hocking Valley Bank certificates of deposit does not permit a set off against Linda Orcutt since
1. she did not sign the form as its language required, and
2. by the plain meaning of the provision, no right of set off would exist.

Civ. R. 56 (C) sets forth the criteria for granting motions for summary judgment. Before such a motion can be granted, the trial court must determine that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but

one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, the conclusion is adverse to that party. *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St. 3d 100, 117. Upon a motion for summary judgment, the burden of establishing that the material facts are not in dispute and that no genuine issue of fact exists is on the party moving for summary judgment. *Harless v. Willis Day Warehouse Co.* (1978), 54 Ohio St. 2d 64; *Van Fossen, supra.*

Both parties have agreed that no genuine issue of fact exists and that the trial court properly entertained motions for summary judgment. Appellant is contesting the trial court's finding that as a matter of law, Hocking Valley Bank is entitled to a set off. Appellant further argues that the court improperly construed and applied the set off language contained in paragraph four on the reverse side of the certificates of deposit.

It is generally recognized that a bank may set off a debt owed it by one of the owners of a joint deposit standing in the names of the debtor and another where the right to set off is exercised during the debtor's lifetime; however, the right to set off terminates with the death of the debtor where the deposit passes to the non-debtor depositor, a surviving joint tenant. Because the ownership in a surviving joint tenant vests immediately upon the other's death, a security agreement encumbering only the interest of one joint tenant is extinguished upon the death of that joint tenant. *Franke v. Third National Bank & Trust Co.* (1986), 31 Ohio App. 3d 189.

A right of survivorship may be created by contract, and when so created, the right will be enforced. *Casto v. Pleasants County Bank* (Feb. 28, 1989), Washington App. No. 88-CA-6, at 8 unreported (citing *Commercial Banking Co. v. Spurlock* (Ga. 1977), 231 S.E. 2d 748, 749). In the case at hand, Linda Orcutt had a right of survivorship in the certificates of deposit created by paragraph three on the reverse side of each certificate. Paragraph three of the terms and conditions specifically provides:

> JOINT CERTIFICATES: When two or more persons are named as depositors on this Certificate with the conjunction "or" appearing between names, then such Certificate shall be payable to any or the survivor or survivors of them and payment may be made upon surrender of this Certificate to any of them during the lifetime of all, or to any survivor or survivors after the death of one or more of them. When the conjunction "and" appears between names, the Certificate shall be payable only upon the signatures of all depositors named.

Appellee does not contest that the language in paragraph three creates a right of survivorship in Linda Orcutt. It does argue that the language contained in paragraph four provided it with a right to set off which is superior to appellant's right to survivorship.

It is settled law that where a bank provides contractually for the right to set off funds in a joint and survivorship account against debts owed the bank by a party to the account, the bank may set off such funds without violating the public policy of this state. *Chickerneo v. Society National Bank* (1979), 58 Ohio St. 2d 315.

The set off language of paragraph four provides:

> Each person signing this form, and each legal entity listed in the Name of Account, acknowledges and agrees that we may, at any time, set-off against any balance in this account, any debt owed to us by any person having the right of withdrawal (except where such right clearly and only arises in a representative capacity) and any debt owed to us by any legal entity listed in the Name of Account, subject to any limit on the right of withdrawal from this account by such person or legal entity. A debt includes but is not limited to an obligation owing to us whether direct or indirect, secured or unsecured, absolute or contingent, joint or several, due or to become due, whether now existing or hereafter acquired by us, and wherever payable, and without regard to whether arising as maker, drawer, endorser, or guarantor.

Appellant argues that application of the basic rules of construction prohibits the set off language being applied against her. Specifically, appellant asserts that when a writing is worded in clear and precise terms, the words must be given their plain and ordinary meaning. If there is doubt or ambiguity in the language of the contract, it must be strictly construed against the maker.

*Central Realty co. v. Clutter* (1980), 62 Ohio St. 2d 411.

The paragraph makes the set off provision binding on "Each person signing this form, and each legal entity listed in the Name of Account." Appellant argues that for her to be bound, she, as a person, would have had to sign the form, which she never did. The trial court held that paragraph four "grants a right of set off to the bank against two classes of persons: those who sign the terms, and those whose names appear in the name of account." The court held that Linda Orcutt as a legal entity fell within the second class. Appellant argues that the conjunctive "and" prohibits a synonymous reading of "person" and "legal entity." Further, appellant contends that a plain reading of this sentence would allow a set off only where a person has signed the form or where the certificate is held in the name of a legal entity.

We find appellant's argument persuasive. The use of the conjunctive "and" does not preclude the synonymous use of the terms "person" and "legal entity" if, they are in plain and ordinary meaning, synonymous. The use of "and" is used to create two classes who may be bound by the set off language: each person signing the form and any legal entity listed in the name of account. Ballantine's Law Dictionary (3d Edition) defines "person" as "[a]n individual man, woman, or child, or, as a general rule, a corporation." Legal entity is defined as "[a]n organization or association recognized in law as an entity apart from the individual members."

Pursuant to a plain meaning interpretation, Linda Orcutt falls within the definition of a person, as opposed to a legal entity. Therefore, we find that appellant was not bound by the set off provision unless she signed the appropriate form. It is undisputed that Linda Orcutt did not sign the form for the certificates in question. Even if there was evidence that Linda Orcutt had signed the form, she would be bound only to the extent mandated by the set off provision.

Paragraph four states that the two classes listed above will be bound by the set off provision for "any debt owed to us by any person having the right of withdrawal *** and any debt owed to us by any legal entity listed in the Name of Account, *subject to any limit on the right of withdrawal from this account by such person or legal entity.*" (Emphasis added.) Applying fundamental principles of grammar and the legal doctrine that ambiguities will be construed strictly against the drafter, this underlined phrase modifies the immediately preceding clause. Therefore, assuming Linda Orcutt was bound by paragraph four, it would be read as follows:

Norman Orcutt and Linda Orcutt acknowledge and agree that Hocking Valley Bank may, at any time, set off against any balance in this account, any debt owed to Hocking Valley Bank [in this instance] by Norman Orcutt, subject to any limit on the right of withdrawal from this account by Norman Orcutt.

In *Franke*, the court found that "[w]hile [one joint tenant] could give a security interest to the bank in collateral in which he had an interest, he could only give a security interest to the extent that he had an interest. This interest consisted of a right to withdraw principal and interest during his lifetime." 31 Ohio App. at 190-191. Applying the plain meaning doctrine and *Franke*, we find that even if Linda Orcutt was deemed bound by the set off provision, such a set off would be subject to the limit on the right of withdrawal for her joint tenant. While Norman Orcutt was alive, Hocking Valley Bank had a right to set off against the listed certificates of deposit. When Norman Orcutt died, his right to withdraw terminated thereby limiting Hocking Valley Bank's right to set off.

We find that *Casto* is distinguishable from the case at bar. In *Casto*, this court found that the certificate of deposit contained agency language whereby a joint tenant acting as an agent for the other joint tenant could bind her survivorship interest. Here, there is no agency language which can be interpreted to read that Norman Orcutt, by pledging the certificates of deposit as collateral, had authority to bind Linda Orcutt's survivorship interest.

In the case *sub judice*, there is a straightforward acknowledgement of a right to set off which is limited by a debtor's right to withdrawal. Based upon the preceding discussions, we find that the moving party, Hocking Valley Bank, was not entitled to judgment as a matter of law. Accordingly, we sustain appellant's sole assignment of error.

This matter is reversed and remanded to the trial court which is directed to enter judgment in the appellant's favor.

It is ordered that appellant recover of appellee costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.Any Stay previously granted by this Court is hereby terminated as of the date of filing of this Entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.

*JUDGMENT REVERSED AND CAUSE REMANDED.*

ABELE, J., Concurs in
  Judgment and Opinion
GREY, J.,
  Judgment and Opinion