## S02A0418. JONES v. SPERAU.
### (563 SE2d 863)

BENHAM, Justice.

Richard Haddock executed a will on January 25, 2000, leaving everything to his niece, appellee Ashley Sperau. On March 16, 2000, Haddock met appellant James Jones in an Internet chat room, and by April 18, 2000, Jones had moved into Haddock's condo. On May 20, 2000, Haddock executed another will, this time naming Jones as executor and sole beneficiary. After Haddock's death on August 24, 2000, Sperau filed a caveat to the May 20 will. The sole issue at trial was undue influence. A jury found that the will was a product of undue influence, and the probate court upheld the caveat.

1. Jones enumerates as error the trial court's denial of his motion for judgment notwithstanding the verdict, contending that there was no evidence of undue influence to support the verdict. In reviewing the denial of Jones's motion for judgment notwithstanding the verdict, "we must decide whether the evidence, when construed most favorably for [Sperau], *demanded* a finding that the will was not the product of [Jones's] undue influence." *Cook v. Huff*, 274 Ga. 186 (1) (552 SE2d 83) (2001).

Testimony at trial that Haddock was ill and that Jones moved in with him, administered his medication, and took care of his financial affairs was some evidence of a confidential relationship between Haddock and Jones. *McGahee v. Walden*, 216 Ga. 352 (1) (116 SE2d 559) (1960). Testimony that Haddock gave Jones a financial power of attorney which Jones used to write checks on an account owned by Haddock, and that Jones's name was added to an investment account just days before Haddock's death was some evidence of undue influence (id.), as was testimony that Jones arranged for an attorney to come to the hospital to have the will naming him as beneficiary executed. *Cook*, supra. Medical testimony that Haddock's illness and medication rendered him more susceptible to influence further supports a finding of undue influence. See *Bowman v. Bowman*, 205 Ga. 796, 811 (55 SE2d 298) (1949). Prior to the inception of Haddock's

relationship with Jones, Haddock had expressed his intent to leave his estate to Sperau, making his subsequent exclusion of her to Jones's benefit the proper subject of inquiry into undue influence. *Knox v. Knox*, 213 Ga. 677 (3) (101 SE2d 89) (1957).

"Although this evidence did not demand a finding that the will was the product of Propounder's undue influence, it was sufficient to authorize the submission of that question to the jury." *Cook v. Huff*, supra, 274 Ga. at 188. Since the evidence at trial did not demand a verdict for Jones, the trial court did not err in denying his motion for judgment notwithstanding the verdict. Id.

2. Jones's other enumeration of error was that the trial court erred in charging the jury on the subject of confidential relationship because there was no evidence to show such a relationship. However, as noted above, there was evidence presented to the jury which would support a finding of a confidential relationship.

"A trial court has a duty to charge the jury on the law applicable to issues which are supported by the evidence." [Cit.] If there is even slight evidence on a specific issue, . . . it is not error for the court to charge the jury on the law related to that issue. [Cit.] Furthermore, the evidence supporting the charge does not have to be direct evidence. "It is enough if there is something from which a jury could infer a conclusion regarding the subject." [Cit.]

*Thrash v. Rahn*, 249 Ga. App. 351 (1) (547 SE2d 694) (2001). There being some evidence of a confidential relationship, the trial court did not err in charging the jury on that principle.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 28, 2002.

*Milton D. Rowan*, for appellant.

*Adam R. Gaslowitz & Associates, Adam R. Gaslowitz, Duane D. Pritchett*, for appellee.