[Civ. No. 10004.   Third Dist.   Jan. 24, 1961.]

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), Respondent, v. ARMSTER EMBRY et al., Defendants; UNITED STATES OF AMERICA, Appellant.

Charles K. Rice, Assistant Attorney General, Lee A. Jackson, A. F. Prescott and George F. Lynch, Attorneys, Department of Justice, Lynn J. Gillard and Laurence E. Dayton, United States Attorneys, Charles Elmer Collett, Assistant United States Attorney, and Joseph O. Greaves, Office of Regional Counsel, Internal Revenue, for Appellant.

Samuel B. Stewart, Robert T. Shinkle and Eldon C. Parr for Respondent.

VAN DYKE, P. J.—This is an appeal from a decree of foreclosure and order of sale of certain real property.

A deed of trust to the subject property was executed in favor of respondent by the defendant Embry on September 18, 1952. It appears from the face of the deed of trust that it was given to secure the payment of a promissory note in the amount of $12,000, together with interest thereon, and to secure the payment of future loans or advances that might be made by respondent to, or for the benefit of, Embry, and to secure the payment of reasonable attorneys' fees if action were brought to foreclose the deed of trust. After the deed of trust was executed the appellant United States of America filed tax liens against the property and the respondent loaned further sums to the defendant Embry and advanced amounts for insurance premiums and real property taxes. The question presented is as to the priority between appellant's tax liens and the lien of respondent for all amounts loaned and advanced after September 18, 1952, and for the attorneys' fees allowed by the court in foreclosure. Appellant concedes that respondent's lien for the balance due on the original note of $12,000 together with interest thereon, has priority over appellant's tax liens but contends that the trial court erred in holding that respondent's liens for the other amounts have priority.

The determination of the priority between the liens in question is controlled by federal law. (*United States* v. *Security Trust & Sav. Bank,* 340 U.S. 47 [71 S.Ct. 111, 95 L.Ed. 53, 56].) Section 6323 of 26 United States Code Annotated provides that liens for taxes due the United States "shall not be valid against any mortgagee, . . . until notice thereof has been filed." As noted above, appellant does not question the priority of respondent's lien for the loan made prior to the filing of the tax liens but claims lien priority as to all amounts loaned or advanced after the filing of its first tax lien upon the principle that " 'the first in time is the

first in right.' '' (*United States* v. *New Britain*, 347 U.S. 81 [74 S.Ct. 367, 98 L.Ed. 520, 523].) With this we agree. ▓ However, we do not agree with appellant's contention that its tax liens have priority over the amount due on a promissory note executed after the filing of the tax liens but which note was merely a renewal of a note executed prior to the filing of the tax liens. The debt was the same and priority was not lost by renewal of the note evidencing the debt.

As to the priority of the amount allowed respondent for attorneys' fees we do not find controlling *United States* v. *Sampsell*, 153 F.2d 731, 736-737, relied on by respondent. That was a case where various lienholders were claiming money held in a bankruptcy court and the objection to the allowance of the attorneys' fees as part of the debt secured by a mortgage executed prior to the filing of the tax liens was not timely. ▓ As stated in *United States* v. *Bond*, 279 F.2d 837, 846, the attorney's "fee was incurred long after the attachment of the federal tax lien; and at the time of the execution of the mortgage and the creation of the debt secured thereby, the future existence or amount of such attorney fee was, at best, speculative and uncertain." In other words, at the time of the filing of the tax liens the liens for the attorneys' fees were unperfected and inchoate and, therefore, not entitled to priority. (*United States* v. *R. F. Ball Constr. Co.*, 355 U.S. 587 [78 S.Ct. 442, 2 L.Ed.2d 510, 512].)

We have treated the deed of trust as a mortgage entitled to the protection afforded by section 6323 of 26 United States Codes Annotated. Respondent, however, has advanced arguments in support of the judgment appealed from which rests upon respondent's assertions concerning the nature of a deed of trust such as the one involved here. Respondent first invokes the rule that the extent and nature of property and property rights to which the government's tax lien attaches are determined by state law. Respondent then asserts that under California law a deed of trust conveys legal title to the trustee; that a subsequent federal lien attaches only to what the trustor has left, which is no more than the right of possession in the absence of default, the right to a reconveyance upon performance of the obligations secured, and the right to any surplus upon foreclosure. Respondent concludes that under this theory the superior court correctly directed payment of all the secured debts before any payment to the government, whose lien, says respondent, attached only to Embry's right to any surplus upon foreclosure. This evalua-

428

tion of the effect of the deed of trust is, we think, most unrealistic. A better evaluation is to be found in 33 California Jurisprudence 2d, "Mortgages," sections 86 and following, subject "Trust Deeds." We think it unnecessary to quote extensively therefrom or to discuss the various cases cited in support of the text as these are matters familiar to the profession in California. ▋▋▋ It is sufficient to make reference thereto and to say that California law defines the nature of the property and property rights remaining in a trustor as being a complete retention of title and ownership save only that for security purposes a bare legal title is cast in the trustee to enable him, if occasion arises, to enforce through sale the realization of the debts secured.

The judgment is reversed and the cause remanded for further proceedings in accordance herewith.

Schottky, J., and Peek, J., concurred.