[Civ. No. 23270.   First Dist., Div. Three.   Jan. 13, 1967.]

JOSEPH T. FELDER et al., Plaintiffs and Appellants, **v.** LEO C. FELDER, Defendant and Respondent.

Bagshaw, Martinelli, Weissich & Jordan and Albert E. Bagshaw for Plaintiffs and Appellants.

Lounibos & Lounibos and Leroy J. Lounibos for Defendant and Respondent.

SALSMAN, J.—This is an appeal by plaintiffs-appellants Joseph T. and Louis J. Felder from the final judgment entered in their partition action brought against defendant-respondent Leo C. Felder. Appellants raise many issues in their brief, but none has sufficient merit to require reversal of the judgment. We therefore affirm the final judgment from which this appeal is taken.

Appellants and respondent own the real property that is the subject of the action. It consists of approximately 1,300 acres of land located in Sonoma County and is used principally as a dairy ranch. Appellant Joseph and respondent Leo each owns an undivided 15/32d interest in the ranch, and appellant Louis owns an undivided 1/16th interest. Louis occupies a cottage on the ranch, rent free, but the remainder

of the property is occupied by Leo under a lease arrangement providing for an annual rent of $3,500. Upon termination of the lease the parties were unable to agree upon a renewal. Joseph and Louis then commenced this action to partition the property. Leo answered and also sought partition.

In the afternoon of the second day of trial, counsel for the parties announced to the court that an agreement had been reached for a physical partition of the property and that a stipulation to that effect could then be made in open court. Counsel for respondent Leo then recited the stipulation for the record. Appellants' counsel helped him.

The stipulation was a long one, which we need not repeat in detail here. Maps in evidence were used to illustrate and clarify the stipulation during the recitation. The essence of the stipulation was that the property could be partitioned; Leo was to receive the 400 most easterly acres of the ranch, and appellants were to receive the remainder. The westerly boundary of Leo's 400 acres was to be fixed by a line drawn from a focal point on Felder Creek, the line to run in a generally northwesterly direction to the northern boundary of the ranch, and to be variable so as to enclose 400 acres. The parties agreed to employ a surveyor to fix the line between the two points and to provide descriptions. The court approved the stipulation, and the proceedings were then recessed. Pursuant to the stipulation the parties employed a surveyor who found that the actual acreage of the ranch was 1,252.25.

In March 1963 the court signed findings of fact, conclusions of law and an interlocutory judgment. In its judgment the court affirmed the stipulation of the parties agreeing to partition and reserved jurisdiction for the purpose of amending the judgment and to make effective the terms of the stipulation. On March 27, 1963, Joseph and Louis moved to set aside the judgment on the ground that it had been entered through mistake, inadvertence, surprise and excusable neglect. They also moved to set aside the stipulation upon which the judgment was based, on the grounds that the stipulation was unauthorized, in error, uncertain and ambiguous. Louis and Joseph filed affidavits in support of their motion to vacate the judgment. The motion was denied. They appealed from the judgment, but not from the order refusing to vacate the judgment. In an unpublished opinion affirming the judgment, this court (division 2) pointed out that consideration could not be given to the factual matters asserted by Louis and Joseph in

their affidavits, since no appeal had been taken from the order denying their motion to vacate.

After affirmance of the interlocutory judgment of March 1963, respondent cited appellants to show cause why they should not be compelled to comply with the terms of the judgment—in effect, why they should not complete the physical and legal partition of the Felder ranch. Further testimony was taken. The surveyor previously employed by the parties testified as to the manner in which he had calculated the line separating the two parcels. Since the ranch contained 27.75 acres less than the parties originally believed, the surveyor apportioned the shortage between the two parcels. An appraiser testified that the division of property was equitable because in his opinion each parcel represented about equal value. After submission, the court determined that the surveyor's line of division followed the description recited in the stipulation of the parties and that the division was fair and equitable, and entered a final judgment, partitioning the ranch into two parcels.

On this appeal from the final judgment appellants attack both the interlocutory judgment and the order denying their motion to vacate that judgment. But, as will appear, neither is subject to challenge in this proceeding. Our review is limited to claimed error in the final judgment.

Appellants' first contention is that the order affirming the judgment of March 1963 was in excess of jurisdiction and therefore a nullity. They argue that the interlocutory judgment of March 1963 was not appealable because it did not determine the rights and interests of the parties; that since it was purely interlocutory in nature, the appeal should have been dismissed. They cite *Efron* v. *Kalmanovitz,* 185 Cal.App. 2d 149 [8 Cal.Rptr. 107]. We cannot accept these contentions. The March 1963 judgment, by incorporating the stipulation of the parties, necessarily determined the important fact that the described property was physically capable of being partitioned, and that sale was unnecessary. It further determined that Leo should receive the easterly 400 acres of the Felder ranch and appellants the remainder. In the same manner the judgment determined in a general way, but with sufficient exactness, how and where the line was to be drawn between the two parcels so that the contemplated survey could fix the line accurately and afford each of the parties a description of the acreage set aside to him. It is true that the judgment was interlocutory in nature and was preliminary to the final judg-

ment later entered, but it was nevertheless final in the sense that it determined the important issues to which we have referred and hence was an appealable judgment, although not the last judgment entered in the action. (*Pista* v. *Resetar*, 205 Cal. 197 [270 P. 453] ; 37 Cal.Jur.2d, pp. 481-482.) Moreover, on appeal from the interlocutory judgment, appellants treated it as appealable. The court, too, found that an appeal from it was proper, and upon a consideration of the record presented, affirmed the judgment. ▇ Since the issue of jurisdiction was necessarily presented upon the first appeal, and was there decided, it cannot now be relitigated, but has been established as the law of the case. (See *Gore* v. *Bingaman*, 20 Cal.2d 118-121 [124 P.2d 17].)

▇ Appellants next say that the trial court's order of June 1963, denying their motion to vacate and set aside the interlocutory judgment entered in March 1963, was not an appealable order, and hence the propriety of that order may now be reviewed on their appeal from the final judgment. Again, appellants are in error. Their motion to set aside the interlocutory judgment was expressly made upon grounds stated in Code of Civil Procedure section 473, namely, that the judgment had been taken against them through mistake, inadvertence and surprise. Where, as here, the law makes specific provision for a motion to vacate a judgment, an order denying such motion is regarded as a ''special order made after final judgment,'' and as such is an order appealable pursuant to Code of Civil Procedure section 963, subdivision 2. (*Winslow* v. *Harold G. Ferguson Corp.*, 25 Cal.2d 274, 282 [153 P.2d 714].) It is immaterial that the judgment to which the motion was addressed was not the last judgment entered in the action, but was in fact interlocutory in character. As we have seen, it was final in the sense that it resolved the basic issue in the case, namely, whether the property was capable of physical partition, and determined the interests each party was to receive.

▇ It necessarily follows that neither the interlocutory judgment of March 1963, nor the order of June 1963 refusing to vacate that judgment, is reviewable on this appeal. The interlocutory judgment has heretofore been reviewed and affirmed, and no appeal has ever been attempted from the order denying appellants' motion to vacate the interlocutory judgment. The time for such an appeal has long since expired.

▇ In attacking the final judgment appellants argue that

the judgment rests upon an unenforceable stipulation, because (1) there is no evidence that Louis agreed to the stipulation and hence it is not binding upon him; (2) it is uncertain and indefinite; and (3) it is based on mutual mistake of fact. These contentions lack merit. It is true there is no direct evidence that Louis personally agreed to the stipulation, because he was not in court when the stipulation was given. But he was a party to the action. His attorney participated in the formulation of the stipulation. His brother, as coplaintiff, was present in court when the stipulation was recited in detail, and approved of it. After the stipulation had been read into the record, the parties, including Louis, acted upon it. They hired a surveyor to survey the line between the two parcels and many months went by before this work was completed. The record reflects no dissent by Louis, and there is ample room to infer that he was acquainted with the broad outlines of the stipulation, which was in effect a settlement of the main issues in the case, and that he approved of it.

It is true there was some uncertainty in the stipulation as to just where the line between the two parcels was to be run. But this does not invalidate it. By the terms of the stipulation, respondent was to get the easterly 400 acres of the ranch. He received the portion agreed upon, except for the prorata reduction hereafter mentioned. Appellants were to get the remainder. They have obtained it by the final judgment. Although there is some dispute over the site of the rock quarry, the stipulation gave it to respondent, and so does the judgment. Nor is appellants' contention that the line between the two parcels was to be a straight one supportable. Nothing is found in the stipulation to compel drawing the boundary in a straight line, and there is some evidence that the line had to be a meandering one in order to enclose the acreage agreed upon in the stipulation.

Appellants' contention that the stipulation was made under a mutual mistake of fact and hence not binding is based upon the surveyor's finding that the Felder ranch does not contain 1,300 acres. But the record demonstrates that the exact acreage was unknown from the beginning. For example, there are many references describing the property as containing "approximately 1300 acres," "1285 acres, more or less," and other inexact references. The survey left some uncertainty, because it found 1252.25 acres within fence lines, and 1,227 acres by actual surveyor's measurements. An adjustment was therefore made between the two parcels. This was

described in the testimony taken prior to entry of the final judgment, and was carried into the judgment itself. Thus, respondent was awarded approximately 15 acres less than the 400 called for by the stipulation. Respondent has accepted this adjustment. Appellants, too, receive less than they thought they would get, not because of any error in the survey or uncertainty in the stipulation, but simply because the parties did not own as much land as they thought they owned. We deem the mistake immaterial, especially in view of the fact that a proportionate downward adjustment was made in the acreage allotted to each of the parties.

Finally, appellants urge that the partition is neither fair nor equitable. Whether a division of property between parties to an action in partition is fair and equitable is a question of fact. Here the trial court found that the division was fair and equitable. We must affirm that finding if there is any substantial evidence to support it. There is such evidence. It is found in the testimony of an appraiser who said in effect that the division was fair and equitable because the two parcels represented approximately equal values. Moreover, the division followed the terms of the stipulation of the parties, save for the adjustment made necessary by the fact that the ranch did not contain as much land as the parties originally supposed.

The judgment is affirmed.

Draper, P. J., and Devine, J.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.