[Civ. No. 34875. Second Dist., Div. Five. Sept. 29, 1970.]

HELLER PROPERTIES, INC., Plaintiff and Respondent, v. JANET DOCTOR ROTHSCHILD, Defendant and Appellant; DUDLEY D. DAVIS, Defendant and Respondent.

706

**COUNSEL**

Jack Altman for Defendant and Appellant.

A. J. Weiss and Alvan M. Joffe for Defendant and Respondent.

No appearance for Plaintiff and Respondent.

**OPINION**

**AISO, J.**—This appeal raises these two substantive issues: Does recordation (Code Civ. Proc., § 674.5) of a child support order payable monthly in stated amounts per month for an indefinite period create a lien as to the installments which become payable subsequent to the date of recordation? If so, is it superior to the liens of creditors who record their abstracts of judgment (Code Civ. Proc., § 674) later than the support order?

## I.

Plaintiff and respondent Heller Properties, Inc., a corporation, brought this action for partition of real property. The complaint named defendant and appellant Janet Doctor, aka Janet Doctor Rothschild, and defendants and respondents Dudley D. Davis and Apartment Furniture Rentals, Inc., a corporation (hereinafter "Furniture Rentals"), as being among the lienholders of record against the real property to be partitioned. Rothschild answered alleging in part here relevant that she had obtained a "judgment" for child support payable in the sum of $300 per month; that the amount of $300 per month from December 21, 1959, to the date of answer (July 14, 1967) was due and owing and that further sums of $300 per month would accrue up to the final disposition of the property in question. The interlocutory partition judgment, entered July 16, 1968, ordered the property to be sold. It also appointed Frank Lorenzi a referee to sell the property and directed him to ascertain whether the "liens, encumbrances, and conveyances" listed in the complaint had been paid, and if unpaid, the respective amounts due and payable thereon; the *inter se* order of priority thereof; and to submit a report on the foregoing matters to the court.

Among the liens mentioned in the interlocutory judgment were those of Rothschild, Davis, and Furniture Rentals, described as follows:

"(e) An abstract of judgment[1] for the amount of $300.00 per month for child support, and any other amounts due, Case No. SFD-11296, Superior Court, County of Los Angeles; judgment entered October 16, 1959, in favor of creditor Janet Doctor and against debtor Arthur Doctor, recorded December 21, 1959. . . ."

"(i) An abstract of judgment for the amount of $13,707.92, Case No. 870341, Superior Court, County of Los Angeles; judgment entered June 1, 1966, in favor of creditor Dudley D. Davis and against debtor Arthur Doctor, recorded June 2, 1966. . . ."

"(j) An abstract of judgment for the amount of $954.45, and any other amounts due, Case No. 218615, Municipal Court, Los Angeles Judicial District; judgment entered May 27, 1966, in favor of creditor [Furniture Rentals] and against debtor Arthur Doctor, recorded June 30, 1966. . . ."

A dispute arose between some of the defendant lienholders as to the effect of recordation of the child support order on their respective ranks as to priority. The referee ruled that the issue was a question of law which should be determined by the court. Rothschild then filed a motion to have

---

[1]The minute order of January 31, 1969, referred to later indicates that the order itself, as required by section 674.5, rather than an abstract thereof was recorded.

the court declare her rights flowing from the recordation of the child support order.

Judge pro tem. Reed, by minute order dated January 31, 1969, ruled: "The Court now determines and orders that the recordation of said 'Order for Child Support and for Attorneys Fees' established a lien upon the real property of defendant in said action, as provided by Code of Civil Procedure Section 674.5 as to all monies due, and unpaid as of the date of such recordation, but did not constitute such a lien as to any periodic payments which became due and were unpaid thereafter. (*Simonet* v. *Simonet* [263 Cal.App.2d 612 (69 Cal.Rptr. 806)].)"

The referee then filed his "report on liens and encumbrances" on February 6, 1969, requesting that it be approved and confirmed. The report recited the foregoing order of January 31, 1969, and omitted Rothschild from the list of unsatisfied lienholders. After listing one Harold Gamburd, not involved in this appeal, as having first priority in the amount of $9,000, plus interest from December 19, 1966, it listed Davis as having a lien for $15,001.50, plus interest from May 18, 1966, by virtue of his abstract of judgment recorded June 2, 1966, and Furniture Rentals as having a lien junior to Davis' in the sum of $954.45 plus interest from May 27, 1966, by virtue of its abstract of judgment recorded June 30, 1966. Judge pro tem. Cox signed the written order, entered on February 21, 1969, approving and confirming the referee's report.

## II.

Rothschild's notice of appeal filed March 3, 1969, states that she "appeals from the ruling of the Court made on January 30, 1969[2] and from the Order confirming the report of the Court [*sic*] made and entered against the defendant and said Order confirming the report of the Referee having been made and entered on February 21, 1969, and from all rulings and Orders and judgments made against the defendant concerning her judgment on the real property covered in the partition action in the above entitled matter."

The minute order of January 31, 1969, and the written order of February 21, 1969, are appealable as orders made after an interlocutory judgment in a partition action[3] (*Felder* v. *Felder* (1967) 247 Cal.App.2d

---

[2]The date on the minute order is not clear as to whether it is January 30 or January 31. We accept the latter date from the referee's report.

[3]An interlocutory judgment in a partition action "determining the rights and interests of the respective parties and directing partition to be made" is appealable. (Code Civ. Proc., § 904.1, subd. (i).) The interlocutory judgment in question provides:

"6. Unless modified by further order of this Court the proceeds from such sale

718, 722 [55 Cal.Rptr. 780]), and bearing relation to the enforcement of the judgment (*Raff* v. *Raff* (1964) 61 Cal.2d 514, 517-518 [39 Cal.Rptr. 366, 393 P.2d 678]). The only judgment we find in the record is the interlocutory judgment entered July 16, 1968, and a notice of appeal filed March 3, 1969, which if intended to cover an appeal from the July 16, 1968, judgment, was not timely. (Rule 2, Cal. Rules of Court.) The *rulings* complained of are integrated into the orders of January 31, 1969, and February 21, 1969, and being preliminary or interlocutory they are not directly appealable. They will be reviewed on the appeal from the orders. The purported appeals from judgments and rulings are therefore dismissed.

## III.

Coming now to the substantive issues set forth *in limine,* we conclude that both the orders of January 31, 1969, and of February 21, 1969, are erroneous in holding (or approving and confirming) that the recordation of the child support order under the facts presented in this case "did not constitute . . . a lien as to any periodic payments which became due and were unpaid thereafter. (*Simonet* v. *Simonet* [263 Cal.App.2d 612 (69 Cal.Rptr. 806)].)" We do not read *Simonet* as supportive of the result reached, which would completely stultify express provisions of section 674.5 of the Code of Civil Procedure.

In support of the trial court's ruling, respondent Davis cites *Moniz* v. *Moniz* (1956) 142 Cal.App.2d 641, 646 [299 P.2d 329], which states: "A judgment which provides for payment in instalments does not when recorded, create a lien, at least as to amounts not due, unless such lien is impressed by the terms of the judgment itself, because there would be no clear way for the debtor to relieve his property of the lien without paying the entire amount. (*Yager* v. *Yager* (1936) 7 Cal.2d 213, 217 [60 P.2d 422, 106 A.L.R. 664]; *Bird* v. *Murphy* (1927) 82 Cal.App. 691, 695 [256 P.2d 258].)" These cases antedate the enactment of section 674.5 in 1959. Insofar as the plain wording of that statutory section provides to the contrary, the provisions of the statute later in time must control in

shall be applied after the confirmation of said sale as follows: . . . (e) To satisfy and cancel of record the several liens in their order of priority, if entitled to priority over the lien under which the owner's title was obtained, by payment of the sums due and to become due; the amount due to be verified by affidavit at the time of payment; (f) The residue among the parties according to their respective shares therein as ascertained by the Referee." Davis, the only respondent filing a respondent's brief, has not raised the question as to which orders, rulings, or judgments enumerated in Rothschild's notice of appeal are appealable. We construe the interlocutory judgment herein to be one falling within the provisions of section 904.1, subdivision (i) of the Code of Civil Procedure. (Cf. *Grable* v. *Damar Production Co.* (1965) 232 Cal.App.2d 510, 512 [43 Cal.Rptr. 16].)

absence of any showing of any constitutional or other infirmity by those who seek to avoid its application.

Section 674.5 of the Code of Civil Procedure provides: "A certified copy of any judgment or order of the superior court of this State for alimony or child support, when recorded with the recorder of any county, *shall from such recording become a lien* upon all real property of the judgment debtor, not exempt from execution, in such county, owned by him at the time, or which he may afterwards and before the lien expires, acquire, *for the respective amounts and installments as they mature (but shall not become a lien for any sum or sums prior to the date they severally become due and payable)* which lien shall have, to the extent herein provided and for the period of 10 years from such recording, the same force, effect and priority as the lien created by recordation of an abstract of a money judgment pursuant to Section 674.

"The certificate of the judgment debtor, certified by him under penalty of perjury, that all amounts and installments which have matured under said judgment prior to the date of such certificate have been fully paid and satisfied shall, when acknowledged and recorded, be prima facie evidence of such payment and satisfaction and conclusive in favor of any person dealing in good faith and for a valuable consideration with the judgment debtor or his successors in interest.

"Whenever a certified copy of any judgment or order of the superior court for alimony or child support has been recorded with the recorder of any county, the expiration or satisfaction thereof made in the manner of an acknowledgment of a conveyance of real property may be recorded." (Italics added.)

Applying this statute, the court in *Simonet, supra,* held that the recording created a lien as to all amounts which had accrued and were payable up to the time of recording, but that the recording did not establish a priority over a homestead declaration recorded *before any amount or installment* accruing subsequent to recording of the alimony decree *had become due and payable.* This is in harmony with the wording of section 674.5, which provides in this regard that the recording shall become a lien "for the respective amounts and installments as they mature (but shall not become a lien for any sum or sums prior to the date they severally become due and payable)." ■ In other words, the lien as to after accruing installments remains inchoate until they become respectively due

and payable. Generally speaking, a lien recorded while the prior recorded lien remains inchoate takes priority over the inchoate one. Thus in *Bank of America* v. *Embry* (1961) 188 Cal.App.2d 425, 427 [10 Cal.Rptr. 602], a trust deed was recorded to secure a promissory note for $12,000 and the "payment of future loans or advances that might be made." It was held that as to amounts to be advanced in the future the lien was inchoate and a federal tax lien filed subsequent to the recordation of the trust deed but before the making of any further loans or advances took priority.

■ Here the child support order was recorded on December 21, 1959. Davis' abstract of judgment was not recorded until June 2, 1966, and that of Furniture Rentals not until June 30, 1966. Under the rationale to be deduced from the foregoing statute and cases, a lien superior to that of Davis was created as to all monthly payments which had become due and payable prior to June 2, 1966, when Davis' abstract of judgment was recorded. A similar rule applies in establishing priority between Rothschild and Furniture Rentals. Thus, in addition to the monthly payments which had accrued and were unpaid at the time the child support order was recorded a further sum of $300 per month for payments which became due and payable during the approximately six years and six months between December 21, 1959, and June 2, 1966, but which remained unpaid on the latter date, should be calculated as part of the amount of Rothschild's lien taking precedence over that of Davis. And if a determination of priorities between Rothschild and Furniture Rentals remains a matter of practical value, then a similar calculation based upon the the foregoing rationale should be made, bearing in mind that the recordation of Furniture Rentals' lien did not occur until June 30, 1966.

The criticism found in the early cases *e.g., Bird* v. *Murphy·* (1927) *supra,* 82 Cal.App. 691, 695, that "[t]he amount of [the] judgment 'for the purposes of payment and discharge could not be ascertained because of the uncertain and indefinite period of the installments' " is met by section 674.5. ■ Under this section, the person seeking to free the real property of this type of judgment lien need pay at the most only the amounts accrued up to the time his rights come into play. Or he can obtain a certificate from the judgment debtor, under penalty of perjury, that all amounts and installments, which have matured and become payable prior to the date of such certificate, have been paid and satisfied, with conclusive effect if he is a person "dealing in good faith and for a valuable consideration with the judgment debtor or his successors in interest." All that section

674.5 appears to do is to eliminate the necessity of repetitive recordings as each installment matures.

## IV.

The orders of January 31, 1969, and of February 21, 1969, are reversed and the trial court directed to take appropriate proceedings in conformity with the views hereinabove set forth; the attempted appeals from judgments and rulings are dismissed.

Stephens, Acting P. J., and Reppy, J., concurred.