Filed 3/14/22 Parrish v. Avenatti CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| WILLIAM PARRISH, | 2d Civ. No. B311480 |
| Plaintiff and Appellant, | (Super. Ct. No. 18CV04106) (Santa Barbara County) |
| v. | |
| MICHAEL J. AVENATTI, | |
| Defendant; | |
| LISA STORIE-AVENATTI, | |
| Objector and Respondent. | |

Plaintiff William Parrish has a money judgment against defendant Michael J. Avenatti. He appeals a post-judgment order of the superior court denying his motion for an order to recover stock certificates previously issued to Avenatti. Another judgment creditor, Lisa Storie-Avenatti (Storie) obtained a judgment lien prior to Parrish's judgment lien. The trial court ruled Storie's lien was prior to Parish's lien. We affirm.

1

FACTS

Parrish retained the services of attorney Michael J. Avenatti. Parrish loaned Avenatti $1.5 million. Avenatti did not pay back the loan.

Parrish filed a civil action against Avenatti in the Santa Barbara County Superior Court to recover the money Avenatti owed. Avenatti defaulted and Parrish obtained a default judgment. On June 22, 2020, Parrish filed a notice of judgment lien with the Secretary of State against Avenatti in the amount of $2,555,610.21.

Avenatti filed a dissolution of marriage action in the Orange County Superior Court to dissolve the marriage with his wife Storie. (*Avenatti v. Storie-Aventatti*, 2017, No. 17D009930 ("the dissolution action").) Storie obtained a judgment against Avenatti that included sums for child and spousal support. She also obtained a "turnover order" against Avenatti for 100 percent of the shares he owned in the company Seek Thermal, Inc. On December 24, 2018, she filed a notice of judgment lien with the Secretary of State against Avenatti in the amount of $1,704,697.42.

Parrish attempted to satisfy his judgment by executing on stock certificates owned by Avenatti. On June 11, 2020, he obtained a writ of execution. A judgment levy was served on Seek Thermal, Inc. The chief executive officer of the corporation declared there were stock certificates of its company issued to Avenatti: stock certificate No. 9, 150,000 shares of common stock; and stock certificate No. 13, 45,840 shares of common stock (the Avenatti certificates). The Santa Barbara County Sheriff delivered these certificates to Parrish's counsel. Parrish was not able to satisfy his judgment with these certificates because the

2.

Santa Barbara County Sheriff did not hold a sheriff's sale "due to Covid-19 restrictions."

On September 1, 2020, the Santa Barbara County Superior Court granted Parrish's motion to add Doppio, Inc. as a judgment debtor. The court found that Avenatti was the "President of Doppio." "Avenatti, through Doppio, purchased 214,729 shares of Tyrian Systems, Inc. Series B preferred stock," and Avenatti acknowledged receipt of those shares. The court pierced the corporate veil and found that there was "a unity of interest between Avenatti and Doppio," and said that "inequitable results will follow if the corporate separateness is respected." It found "Avenatti is the sole individual involved with Doppio." It also found: 1) "Avenatti has been criminally convicted in New York"; 2) he is "being prosecuted in two . . . federal cases"; and 3) he "appears to be insolvent."

In November 2020, Parrish filed a noticed motion under California Uniform Commercial Code section 8112, subdivision (e) to recover stock certificates in partial satisfaction of judgment.[1] He sought: 1) "an Order issuing a certificate of sale to William Parrish for a credit bid on two certificates of the stock of Seek Thermal issued in the name of judgment debtor Michael Avenatti"; and 2) "an Order that one certificate of the stock of Seek Thermal issued to judgment debtor Doppio, Inc. be deemed lost and/or destroyed and that Seek Thermal shall cancel that stock certificate and reissue it to William Parrish."

Avenatti filed an opposition claiming that Storie obtained a money judgment against him and her judgment lien was filed

---

[1] All statutory references are to the California Uniform Commercial Code unless otherwise stated.

3.

before Parrish's judgment lien. He claimed those facts barred the relief sought in Parrish's motion.

The trial court found, "It is reasonable that before Parrish can obtain an order against the Certificates arguably owned by [Storie], she should be given notice and provided with an opportunity to oppose the request."

After service of the motion, Storie filed an opposition stating she "does not consent to the jurisdiction of the Santa Barbara Superior Court." But Storie also objected to the merits of Parrish's motion and contended that her judgment lien from the dissolution action involving Avenatti was entitled to priority over Parrish's lien because: 1) it was filed before Parrish's, and 2) her judgment lien was for support obligations which have a priority over Parrish's lien stemming from his financial loan to Avenatti. Storie also said that the court in the dissolution action issued a turnover order that required Avenatti to turn over his shares of stock to her, and that Parrish's motion was an improper attempt to make "an end-run around" that prior turnover order.

The trial court said it was "sympathetic with Parrish's plight," but Storie's "contentions are persuasive; they predominate." It found: 1) Storie's lien "has priority as the earlier-filed lien"; 2) it also has priority because it was for "support obligations," which is "a priority obligation which must be paid first, before any other creditor." The court said that "Parrish cannot circumvent the Turnover Order" issued in the dissolution action.

The trial court rejected Parrish's claim that, if applicable, the turnover order should only apply to the Avenatti certificates, but not "the Doppio Certificate because it is not owned by Avenatti." It found this claim "is in direct contradiction of

4.

Parrish's arguments in support of adding Doppio as a judgment debtor." "Parrish specifically sought to have Doppio added as a judgment debtor due to the unity of interest between Avenatti and Doppio. At a minimum, a determination of ownership of the Doppio's certificate should be made by the Orange County Superior Court in the context of the dissolution action considering the prior judgment, writs and orders concerning Avenatti's assets."

DISCUSSION[2]

*Abuse of Discretion*

Parrish contends California law "enables a judgment creditor to reach certificated securities which cannot be reached by other legal process." (Boldface omitted.)

Here Parrish filed a motion under section 8112, subdivision (e), which provides, in relevant part, "A creditor whose debtor is the owner of a certified security . . . is entitled to aid from a court of competent jurisdiction . . . in satisfying the claim by means allowed at law or in equity in regard to property that cannot readily be reached by other legal process." Under section 8112, a trial court's " 'decision to apply a credit in partial satisfaction of the judgment is an exercise of the court's equitable discretion.' " (*Ho v. Hsieh* (2010) 181 Cal.App.4th 337, 345.) The trial court's "exercise of its equitable powers" involving satisfying judgments with stock transfers is reviewed "under an abuse of discretion standard of review." (*Ibid.*)

Parrish contends section 8112 was enacted for his benefit as a judgment lien creditor with an unsatisfied judgment against Avenatti. But the statute is not so restricted. The trial court

---

[2] We grant Parrish's request for judicial notice filed August 16, 2021.

could reasonably find it applies to all judgment lien creditors before the court with unsatisfied judgments against Avenatti, and that includes Storie.

Application of section 8112 is easily exercised where a single judgment creditor could show uncontested ownership of the stock certificates. That is not the case here. Ownership is contested; this proceeding involves the rights of two judgment creditors; there is a prior pending action; the court in that prior action had issued a stock turnover order; and there are competing judgment liens with issues of priority. We consider these factors in deciding whether the trial court abused its discretion. (*Ho v. Hsieh*, *supra*, 181 Cal.App.4th at p. 345.)

The trial court found "[Storie's] lien has priority as the earlier-filed lien." It also found "[Storie's] judgment liens are premised on support obligations. Support obligations are a priority obligation which must be paid first, before any other creditor." The record supports the court's factual findings.

Storie filed a notice of judgment lien for $1,704,697.42 against Avenatti with the Secretary of State on December 24, 2018. The judgment against Avenatti from the dissolution action in the Orange County Superior Court included child support and spousal support. That court also issued a January 25, 2019, turnover order (Code Civ. Proc. § 699.040), which included "100% of the shares owned by [Avenatti] in the company Seek Thermal, Inc."

Parrish filed a notice of judgment lien against Avenatti for $2,555,610.21 with the Secretary of State on June 22, 2020.

Where two judgment lien creditors seek to satisfy their judgments from the same property, the relevant issue is which one has priority over the other. "California follows the 'first in

6.

time, first in right' system of lien priorities." (*Thaler v. Household Finance Corp.* (2000) 80 Cal.App.4th 1093, 1099.) "Other things being equal, different liens upon the same property have priority according to the time of their creation . . . ." (Civ. Code, § 2897.) "[A] creditor with a money judgment [may] create a judgment lien on the debtor's personal property by filing a notice of judgment lien in the office of the Secretary of State." (*Waltrip v. Kimberlin* (2008) 164 Cal.App.4th 517, 529.)

"Accordingly, under section 2897, the first lien created takes priority." (*Takehara v. H.C. Muddox Co.* (1972) 8 Cal.3d 168, 171.) "[E]stablishing priority on the basis of time of creation of the liens *is determinative*." (*Id.* at p. 172, italics added.) Under this system, "lienholders" do not "share pro rata in the subsequent recovery." (*Id.* at p. 173.) The trial court correctly ruled Storie's lien had priority as it was filed before Parrish's lien.

In addition, because Storie's lien was for child and spousal support, the trial court properly found that it had priority over Parrish's later lien. The priority for judgments involving support orders over other debts is well established. (*Heller Properties, Inc. v. Rothschild* (1970) 11 Cal.App.3d 705, 712; see also Fam. Code, § 4011 ["Payment of child support ordered by the court shall be made by the person owing the support payment before payment of any debts owed to creditors"].) Code of Civil Procedure section 699.510, subdivision (a) provides, in relevant part, "The clerk of the court shall give priority to the application for, and issuance of, writs of execution on orders or judgments for child support and spousal support." "A withholding order for support has priority over any other earnings withholding order." (*Id.*, § 706.030, subd. (c)(2).)

The trial court also properly considered the impact of the result Parrish sought on the turnover order previously issued by the Orange County Superior Court in the dissolution action. It said, "Parrish cannot circumvent the Turnover Order or [Storie's] superior judgment in an attempt to seize Avenatti's property." The court found the Avenatti certificates and the Doppio certificate involved Avenatti's property. Consequently, "[a]t a minimum, a determination of ownership" of both certificates "should be made by the Orange County Superior Court in the context of the dissolution action . . . ."

A trial court may properly elect to defer and not decide an issue where there is another previously filed pending action with concurrent jurisdiction over that same issue making it a more appropriate forum to initially decide it. (*Vargas v. Municipal Court* (1978) 22 Cal.3d 902; *Scott v. Industrial Accident Commission* (1956) 46 Cal.2d 76, 81; *Browne v. Superior Court* (1940) 16 Cal.2d 593, 597; *California Union Ins. Co. v. Trinity River Land Co.* (1980) 105 Cal.App.3d 104, 108-109; *Gorman v. Superior Court* (1937) 23 Cal.App.2d 173, 178.)

The trial court's decision to defer a final ruling on the stock ownership issue, in favor of allowing the Orange County court to initially decide it, was reasonable because: 1) the dissolution action was filed before the current case; 2) both cases involved a common legal issue; 3) the Orange County court had issued a stock turnover order; 4) Avenatti was a party in both cases; 5) Parrish had not made a sufficient showing in support of his motion; 6) Storie had judgment lien priority and was a party to the dissolution action; and 7) giving initial deference to the Orange County court would avoid a conflict with that court's orders, prevent a multiplicity of actions involving the same

8.

property (*Scott v. Industrial Accident Commission, supra*, 46 Cal.2d at p. 81; *California Union Ins. Co. v. Trinity River Land Co., supra*, 105 Cal.App.3d at pp. 108-109; *Cartwright v. Swoap* (1974) 40 Cal.App.3d 567, 571), and allow the court with the primary jurisdiction over the issue of a spouse's property to decide the issue. (*Askew v. Askew* (1994) 22 Cal.App.4th 942, 961.)

Parrish contends the trial court erred by ruling that the Doppio certificate could be the subject of an Orange County court's stock turnover order. He suggests that he made a sufficient factual showing to demonstrate why the Orange County court could not decide this issue. But this claim was undermined by the trial court's finding that Parrish had made self-contradictory factual assertions about the ownership of this property. We do not decide the credibility of the parties. That is exclusively determined by the trial court. (*White v. State Farm Fire & Casualty Co.* (1969) 272 Cal.App.2d 693, 695; *Polk v. Polk* (1964) 228 Cal.App.2d 763, 775.) The trial court made sufficient findings to support its decision.

Moreover, Parrish has not shown that the trial court's preference for allowing the Orange County court to initially decide this issue was an abuse of discretion. The dissolution court has jurisdiction to decide what stocks Avenatti owned (*In re Marriage of Connolly* (1979) 23 Cal.3d 590, 598; *Strohm v. Strohm* (1960) 182 Cal.App.2d 53, 57); and, after acquiring jurisdiction, it is the preferred court, as opposed to other actions or proceedings, to decide such issues. (*Askew v. Askew, supra*, 22 Cal.App.4th at p. 961.)

*Storie's "Special Appearance" in This Case*

Parrish contends Storie "appeared 'specially,' and expressly objected to the trial court's jurisdiction" over her. He claims the trial court therefore should have only granted the relief he requested.

Storie responds that the relevant issue was "the trial court's ability to rule on Parrish's motion."

A special appearance is a challenge to the court's jurisdiction over a party. But where the party claiming to appear specially seeks affirmative relief that goes beyond a challenge to the court's jurisdiction, or raises claims on the merits, that appearance is a general appearance. (*Dial 800 v. Fesbinder* (2004) 118 Cal.App.4th 32, 52.) That party is then considered to have waived its objections to the court's jurisdiction. (*Ibid.*)

Parrish suggests his motion should be considered uncontested because Storie objected to the trial court's jurisdiction over her. He claims she made only a special appearance, was therefore not entitled to relief, and she could not raise issues or present any evidence to support the court's findings on the merits in her favor. We disagree.

This was a contested motion with opposition evidence. The court properly exercised its discretion to determine whether to grant post-judgment equitable relief for Parrish. (*Ho v. Hsieh*, *supra*, 181 Cal.App.4th at p. 345.)

Storie opposed Parrish's motion on the merits and claimed the trial court should rule that she had judgment lien priority over him. Storie's counsel filed a declaration and made a request for judicial notice of the documents showing: 1) Storie's lien priority, and 2) Storie's judgment lien was for child and spousal support.

By making these claims on the merits, the trial court could reasonably infer Storie had waived her special appearance and made a general appearance, and it could consider her opposition issues and evidence in deciding equitable relief. (*Dial 800 v. Fesbinder*, *supra*, 118 Cal.App.4th at p. 52; see also *Ho v. Hsieh*, *supra*, 181 Cal.App.4th at p. 345.)

Parrish contends that because Storie designated her opposition as a special appearance, and did not make an express formal appearance and testify, the trial court was bound by Storie's designation that she had made only a special appearance, and it was required to find that she "rejected the proceedings in Santa Barbara County."

We disagree. The trial court was not confined by the label Storie selected and it did not need her formal express recognition of its authority to conclude she made a general appearance. "[I]f the moving party does not confine herself to the objection of lack of jurisdiction over her person, but seeks affirmative relief on the merits [as here], her application may be deemed a general appearance *regardless of its designation.*" (*In re Marriage of Torres* (1998) 62 Cal.App.4th 1367, 1381, italics added.) " 'A general appearance occurs where a party, either directly *or through counsel*, participates in an action in some manner which recognizes the authority of the court to proceed. *It does not require any formal or technical act.*' " (*Dial 800 v. Fesbinder*, *supra*, 118 Cal.App.4th at p. 52, italics added.)

Parrish suggests Storie was a stranger to this case, she could not seek relief based on her written opposition to his motion, and she had "withdrawn from the fight" to protect her property interests. Storie was not a stranger. By making a general appearance, she became a party. (*Fireman's Fund Ins.*

11.

*Co. v. Sparks Construction, Inc*. (2004) 114 Cal.App.4th 1135, 1150.) After being served, Storie responded on the merits to Parrish's motion and did not rely solely on her written opposition. She also protected her property interests by filing a judgment lien, obtaining a stock turnover order, seeking a second stock turnover order in Orange County, and obtaining an order preventing Parrish from making a stock transfer. Her opposition in the trial court also contained relevant and *uncontradicted evidence* of her judgment lien priority that supported her claims before the trial court.

Parrish contends Storie could have initiated additional procedures to protect her property interests. But the only proceeding before the trial court was Parrish's motion, and the proper procedure to challenge it was to file an opposition.

Moreover, even aside from Storie's opposition, Avenatti, also a party, also filed an opposition to Parrish's motion stating grounds why granting Parrish's motion would not lead to an equitable result. He challenged Parrish's claims. Parrish contends the trial court should have rejected all the claims Avenatti made because he was not credible. But credibility is decided exclusively by the trial court. (*Polk v. Polk*, *supra*, 228 Cal.App.2d at p. 775.) Moreover, many of his claims were supported by independent documentary evidence. Avenatti filed a declaration and presented copies of judgment lien documents showing Storie's judgment lien priority over Parrish. The trial court took judicial notice of the judgment liens and the turnover order entered by the court in the dissolution action on January 25, 2019. Parrish has not shown an abuse of discretion. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 981; *Ho v. Hsieh*, *supra*, 181 Cal.App.4th at p. 345.)

We leave it to the Orange County Superior Court to decide what effect our decision will have on its proceedings.

DISPOSITION

The order is affirmed.  Costs on appeal are awarded in favor of Storie.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.


PERREN, J.

13.

Thomas P. Anderle, Judge

Superior Court County of Santa Barbara

_____


Cappello & Noël, A. Barry Cappello and Wendy D. Welkom for Plaintiff and Appellant

No appearance for Defendant.

Macias Counsel Inc., Sean E. Macias; Shaw Koepke & Satter and Jens B. Koepke for Objector and Respondent Lisa Storie-Avenatti.