[Civ. No. 25659. Second Dist., Div. Three. Mar. 30, 1962.]

CHARLES HAMEL, as Executor, etc., Plaintiff and Appellant, v. GEORGE GOOTKIN, Defendant and Respondent.

Everett Rauh for Plaintiff and Appellant.

Milton Zerin for Defendant and Respondent.

FORD, J.—The trial court determined that when Maude Cook Duin, now deceased, executed trust deeds on parcels of real property held by her and the respondent Gootkin in joint tenancy, a termination of the joint tenancy did not occur and that upon her death the title of the surviving joint tenant was not subject to the trust deeds. Mr. Gootkin did not consent to the execution of the trust deeds and was not aware thereof until after Maude Cook Duin's death. The sole question presented on this appeal is whether such determination was correct as a matter of law.

In *People* v. *Nogarr,* 164 Cal.App.2d 591 [330 P.2d 858, 68 A.L.R.2d 992], it was held that a mortgage executed under similar circumstances by one of two joint tenants was not enforceable after the death of that joint tenant. The court

said at page 594: "Inasmuch as the mortgage was but a lien or charge upon Calvert's interest and as it did not operate to transfer the legal title or any title to the mortgagees or entitle the mortgagees to possession it did not destroy any of the unities and therefore the estate in joint tenancy was not severed and Elaine and Calvert did not become tenants in common. It necessarily follows that as the mortgage lien attached only to such interest as Calvert had in the real property when his interest ceased to exist the lien of the mortgage expired with it. (*Application of Gau,* 230 Minn. 235 [41 N.W.2d 444]; *Power* v. *Grace,* 1 D.L.R. 801; *Zeigler* v. *Bonnell,* 52 Cal.App.2d 217, 219-221 [126 P.2d 118] cited with approval in *Hammond* v. *McArthur, supra,* 30 Cal.2d 512 [183 P.2d 1].)"

It is true that while the lien theory is accepted in this state with respect to mortgages, there is adherence to the theory that a transfer of title is involved when the security device used is that of a trust deed. (See *Hagge* v. *Drew,* 27 Cal.2d 368, 376 [165 P.2d 461].) But before it can be said that such a transfer of title is sufficient to result in a destruction of any of the unities necessary for a joint tenancy, the true nature of the transfer must be considered. (See Ogden, California Real Property Law, §§ 3.22, 17.44.)

In *MacLeod* v. *Moran,* 153 Cal. 97 [94 P. 604], the Supreme Court said at pages 99-100: "A trust-deed of the kind here involved . . . conveys the legal title to the trustees so far as may be necessary to the execution of the trust. It carries none of the incidents of ownership of the property, other than the right to convey upon default on the part of the debtor in the payment of his debt. The nature of such an instrument has been extensively discussed by this court, and the sum and substance of such discussion is that while the legal title passes thereunder, and the trustees cannot be held to hold a mere 'lien' on the property, it is practically and substantially only a mortgage with power of sale. [Citations.] The legal title is conveyed solely for the purpose of security, leaving in the trustor or his successors a legal estate in the property, as against all persons except the trustees and those lawfully claiming under them. (Civ. Code, §§ 865, 866.) Except as to the trustees and those holding under them, the trustor or his successor is treated by our law as the holder of the legal title. [Citation.] The legal estate thus left in the trustor or his successors entitles them to the possession of the property until their

rights have been fully divested by a conveyance made by the trustees in the lawful execution of their trust, and entitles them to exercise all the ordinary incidents of ownership in regard to the property, subject always, of course, to the execution of the trust.'' (See also *Hagge* v. *Drew, supra,* 27 Cal.2d 368, 376; *Burns* v. *Peters,* 5 Cal.2d 619, 622 [55 P.2d 1182]; *Bank of Italy* v. *Bentley,* 217 Cal. 644, 655-657 [20 P.2d 940]; *Lancaster Security Inv. Corp.* v. *Kessler,* 159 Cal.App.2d 649, 656 [324 P.2d 634]; *Pacific States S. & L. Co.* v. *North American etc. Co.,* 37 Cal.App.2d 307, 309 [99 P.2d 355].)

As aptly stated in *Bank of America* v. *Embry,* 188 Cal.App. 2d 425 [10 Cal.Rptr. 602], at page 428: ''It is sufficient . . . to say that California law defines the nature of the property and property rights remaining in a trustor as being a complete retention of title and ownership save only that for security purposes a bare legal title is cast in the trustee to enable him, if occasion arises, to enforce through sale the realization of the debts secured.'' Since mortgages and trust deeds perform the same basic function, it would be unrealistic to reach a result in the present case different from that determined to be correct in *People* v. *Nogarr, supra,* 164 Cal.App.2d 591. Moreover, it is not reasonable to assume that there has heretofore been a reliance on any contrary view with respect to the effect of trust deeds of such a nature that the determination herein made can be said to be unfair. (See discussion in Ogden, California Real Property Law, § 3.22.)

The judgment is affirmed.

Shinn, P. J., and Files, J., concurred.