## 36455. BARNES et al. v. MANCE.

UNDERCOFLER, Chief Justice.

Wiley L. Mance expressly created by deed a joint survivorship in 144 acres of land in himself and his son, Gerald, on August 28, 1972. Mance died intestate in 1977. Gerald and his two sisters, Patricia Barnes and Peggy Sue McGhee, the only heirs at law, executed under a No Administration Necessary, an "Agreement Settling Claims of Heirs to Estate of Wiley L. Mance" and divided the estate's personal property among them. In this suit, the two sisters claim a one-third interest each in the real property conveyed to Gerald in the 1972 deed under an implied trust theory. Gerald relies on language in the agreement settling their father's estate, conveying to him certain personalty "and the balance of any and all property of whatever character or description, *real,* personal or otherwise not hereinabove set out." (Emphasis supplied.) The petition, prepared by Gerald as administrator, did not list any real estate as part of the estate of Wiley L. Mance.[1] The trial court granted summary judgment to Gerald on his sisters' claim for one-third shares in the property. They appeal. We reverse.

Although a joint tenancy with right of survivorship was abolished by statute, Code Ann. § 85-1002 (former); Ga. L. 1828, Cobb 545 and Acts 1853-4, p. 70, the Georgia courts continued to recognize such joint estates where expressly created.[2] *Taylor v. C. & S. Bank,* 226 Ga. 15 (172 SE2d 617) (1970); *Equitable Loan & Security Co. v. Waring,* 117 Ga. 599 (44 SE 320) (1903); 1 Redfearn, Wills, Ga., § 170 (4th ed.). The 1972 deed here, entitled "Warranty Deed with right of survivorship," clearly, expressly created such an estate in Mance and his son, Gerald.[3] That being so, the land became Gerald's at Mance's death, was not part of Mance's estate, and was

---

[1] One of the sisters had lived on the land since before the 1972 deed.

[2] In 1976, the General Assembly superseded former Code Ann. § 85-1002 with a new law, which, inter alia, recognizes this fact.

[3] There is thus no merit in the sisters' contention that a tenancy in common was established. A joint survivorship may be created by deed to oneself and another. Pindar, Ga. Real Est. Law § 19-13, n. 2. See also Ga. L. 1976, p. 1388; Code Ann. §

not affected by the agreement executed by the three heirs at law. *Wilson v. Brown,* 221 Ga. 273 (144 SE2d 332)(1965); *Todd v. Williford,* 169 Ga. 543 (150 SE 912) (1929). Pindar, Ga. Real Est. Law § 19-13, p. 629, nn. 2 & 9.

The trial court erred in granting summary judgment to Gerald since issues of fact remain as to their claim that Gerald holds the real estate under an implied or constructive trust. Code Ann. § 108-106 (2); *Jenkins v. Lane,* 154 Ga. 454 (115 SE 126) (1922); *Miller v. Cotton,* 5 Ga. 341 (1848); 2 Corbin on Contracts, § 401.

*Judgment reversed. All the Justices concur.*

ARGUED JULY 9, 1980 — DECIDED
SEPTEMBER 9, 1980.

*Fred T. Hanzelik,* for appellants.
*G. M. Adcock,* for appellee.

---

85-1002: "Deeds and other instruments of title, including any in which one person conveys to *himself* and one or more other persons, any in which two or more persons convey to themselves, or to themselves and another or others... may create a joint interest with survivorship in two or more persons. . ."