## A03A0694. HARBIN v. HARBIN.
### (582 SE2d 131)

ANDREWS, Presiding Judge.
Carlton A. Harbin and his wife, Mercedes A. Harbin, acquired two tracts of real property by deeds executed in January 1993 and November 1998 which gave them a joint tenancy with right of survivorship in both properties. Mr. Harbin subsequently executed a will in November 1999 which stated his intention to devise all of one tract and a portion of the other tract to his two adult children, Charles K. Harbin and Martha Ann Gensler. After Mr. Harbin died in July 2000 and Ms. Harbin asserted title to all of the property as the surviving joint tenant, Mr. Harbin's will purporting to devise the property to the children was probated with the consent of Ms. Harbin and the children. Thereafter, the children sued Ms. Harbin seeking to reform the deeds to reflect Mr. Harbin's intent that they receive the property devised under the will. Charles Harbin appeals from the trial court's order granting summary judgment to Ms. Harbin on his claim for reformation of the deeds.[1] For the following reasons, we affirm.

1. Contrary to Appellant's contention, neither the terms of the will nor admission of the will to probate supports his argument that the prior executed deeds creating the joint tenancy estates were severed by a lifetime transfer or should be reformed.

---

[1] Gensler is not a party to this appeal. As to Gensler's claims, the trial court granted summary judgment to Ms. Harbin finding no basis for reforming the deed to one of the tracts of property, but found an issue of fact as to whether there was a parol gift to the other tract.

Appellant does not dispute that the deeds at issue created a joint tenancy estate as to both properties with right of survivorship in Carlton and Mercedes Harbin in compliance with the statutory requirements of OCGA § 44-6-190 (a). Accordingly, unless the joint tenancy estates created by the deeds were previously severed, upon Mr. Harbin's death, Ms. Harbin as the surviving joint tenant became the sole owner of all the property, and none of the property became a part of Mr. Harbin's estate. *Barnes v. Mance*, 246 Ga. 314 (271 SE2d 359) (1980). Section 44-6-190 (a) provides, however, that a joint tenancy estate or interest "may be severed as to the interest of any owner by the recording of an instrument which results in his lifetime transfer of all or a part of his interest. . . ." Appellant argues that the probated will, which contained language devising him an interest in the property inconsistent with the joint tenancy estates, amounted to a transfer under this provision which severed the estates. There is no merit to this argument. A will transfers property interests only when it has been probated after the testator's death, so it cannot qualify as an instrument making a lifetime transfer capable of severing a joint tenancy.

Moreover, in order for equity to reform a deed there must be proof of a mutual mistake by both parties to the deed, or a unilateral mistake of one party accompanied by fraud or inequitable conduct by the other party. *Layfield v. Sanford*, 247 Ga. 92, 93 (274 SE2d 450) (1981). The inconsistency between the deeds and the will provides no evidence for reform under this standard. The deeds creating the joint tenancy estates were executed in January 1993 and November 1998, and the will was executed in November 1999. There was evidence that the attorney who drafted the will told Mr. Harbin that the intended disposition of the property to his children in his will would fail unless he and his wife executed instruments changing the joint tenancy estates in the property. Despite this advice, Mr. Harbin executed the will but never returned to eliminate the inconsistency between his will and the joint tenancy estates created by the deeds. Regardless of the reason Mr. Harbin did not return to reconcile his will with the deeds, his intentions expressed in the 1999 will are not evidence that the joint tenancy estates were mistakenly created when the deeds were executed in 1993 and 1998.

There is no evidence of a lifetime transfer severing the joint tenancy estates under OCGA § 44-6-190 (a), and no evidence of mutual mistake or unilateral mistake accompanied by fraud or inequity which could justify reformation of the deeds creating the estates. It follows that, when Mr. Harbin died, title to all of the property vested at his death in Ms. Harbin as the surviving joint tenant, and the attempted devise of this property in Mr. Harbin's will was adeemed

or destroyed because Mr. Harbin did not own the property at his death. OCGA § 53-4-66; *Powell v. Thorsen*, 253 Ga. 572-573 (322 SE2d 261) (1984); *Barnes*, 246 Ga. at 314-315. Contrary to Appellant's contention, Ms. Harbin's consent to probate of the will was not an admission made in judicio which estopped her from denying that the devise of the property in the will was valid. A devise adeemed because the testator does not own the devised property at his death renders the attempted devise void, but it does not otherwise affect the validity of the will. *In re Estate of Corbitt*, 265 Ga. 110-111 (454 SE2d 129) (1995).

2. Appellant contends the trial court erroneously granted summary judgment to Ms. Harbin without unsealing and considering all the depositions in the record. Even if the trial court failed to consider all of the depositions, Appellant does not point to any evidence in the depositions which creates an issue of fact. Upon review of the depositions, we find no issue of material fact. *Lonard v. Cooper & Sugrue Properties*, 214 Ga. App. 862, 865-866, n. 4 (449 SE2d 348) (1994).

*Judgment affirmed. Barnes and Adams, JJ., concur.*

DECIDED APRIL 30, 2003 —
RECONSIDERATION DENIED MAY 13, 2003 — ▮▮▮▮▮▮▮

*Waymon S. Harrell, Michael J. Moore*, for appellant.
*Robert E. Turner*, for appellee.