S07A1786. BIGGERS et al. v. CROOK.
(656 SE2d 835)

BENHAM, Justice.

William G. Biggers and his sister, appellee Linda B. Crook, inherited a piece of real property upon the death of their mother, taking the property as joint tenants with right of survivorship. Biggers lived in the house on the property under an agreement with

---

Crook pursuant to which he would maintain the home and pay the taxes. Shortly before he and appellant Dianne Nichols Biggers married, they executed an antenuptial agreement which provided that he would maintain ownership of his interest in the real property, even if she contributed money to its maintenance. Prior to William Biggers's death, he executed a promissory note to appellant Rita A. Craig, Dianne Biggers's sister. A deed to secure debt making his interest in the property at issue security for that indebtedness was recorded. Crook filed an action for declaratory judgment seeking a declaration that she was the sole owner of the property and that appellants had no interest in the property by inheritance or by virtue of the deed to secure debt. Dianne Biggers counterclaimed seeking a declaration the antenuptial agreement was void and that she owned a one-half interest in the property, and Craig counterclaimed seeking repayment of the note, both contending the execution and recordation of the deed to secure debt severed the joint tenancy with right of survivorship. The trial court granted summary judgment to Crook, declaring her sole owner of the property, declaring the deed to secure debt to be void, declaring Craig to have no interest in the property, declaring the antenuptial agreement valid and enforceable, and ruling against both counterclaims. Dianne Biggers and Craig appeal that judgment.

1. The trial court's ruling that the deed to secure debt is void requires us to consider as a matter of first impression the effect one tenant's execution of a deed to secure debt has on a joint tenancy with right of survivorship. OCGA § 44-6-190[1] was enacted in 1976 to permit the express creation of joint tenancies with right of survivorship in real property. It also provides that a joint tenancy created in accordance with the statute "may be severed as to the interest of any owner by the recording of an instrument which results in his lifetime

---

[1] Deeds and other instruments of title, including any instrument in which one person conveys to himself and one or more other persons, any instrument in which two or more persons convey to themselves or to themselves and another or others, and wills, taking effect after January 1, 1977, may create a joint interest with survivorship in two or more persons. Any instrument of title in favor of two or more persons shall be construed to create interests in common without survivorship between or among the owners unless the instrument expressly refers to the takers as "joint tenants," "joint tenants and not as tenants in common," or "joint tenants with survivorship" or as taking "jointly with survivorship." Any instrument using one of the forms of expression referred to in the preceding sentence or language essentially the same as one of these forms of expression shall create a joint tenancy estate or interest that may be severed as to the interest of any owner by the recording of an instrument which results in his lifetime transfer of all or a part of his interest; provided, however, that if all persons owning joint tenant interests in a property join in the same recorded lifetime transfer, no severance shall occur. OCGA § 44-6-190 (a).

transfer of all or a part of his interest."[2] Id. The question before us is whether a security deed is "an instrument that results in [a] transfer of all or a part of [the grantor's] interest" within the meaning of that phrase in OCGA § 44-6-190, so as to sever the joint tenancy upon the deed's recordation.

"A security deed, although conveying the legal title, does so for the purpose of security only. . . ." *Northwest Carpets v. First Nat. Bank of Chatsworth*, 280 Ga. 535 (1) (630 SE2d 407) (2006). "Such being its purpose and effect, does it not necessarily follow that the conveyance of such a legal title for security only constitutes in effect and to all rational, reasonable, and practical purposes nothing but the highest order of a security lien?" *Waldroup v. State*, 198 Ga. 144, 146 (30 SE2d 896) (1944). Although the impact a deed to secure debt might have on a joint tenancy with right of survivorship in real property has not been considered in an appellate decision in Georgia, the California Court of Appeals addressed this issue in *Hamel v. Gootkin*, 202 Cal. App. 2d 27 (20 Cal. Rptr. 372) (1962). The question there was whether one joint tenant's execution of a trust deed, which like a deed to secure debt transfers bare legal title "solely for the purpose of security" (id. at 29), would effect a severance of a joint tenancy with right of survivorship. The rationale for holding that it did not was that such a conveyance "carries none of the incidents of ownership of the property, other than the right to convey upon default on the part of the debtor in the payment of his debt" (id.), and is, therefore, the same as a mortgage with power of sale, which does not cause a severance. Id. As a result, the encumbrance created by a joint tenant was held not to apply to the interest held by the surviving joint tenant. Given this Court's holding in *Waldroup v. State*, supra, that a deed to secure debt constitutes "in effect and to all rational, reasonable, and practical purposes nothing but the highest order of a security lien," the rationale of the California Court of Appeals is highly persuasive. We hold, therefore, that the execution of a deed to secure debt by a joint tenant in real property is not such a transfer of all or a part of the grantor's interest in the property as would sever the joint tenancy with right of survivorship. That being so, the effect of William Biggers's death was that Crook, as the surviving joint tenant, became the sole owner of the property and the property did not become part

---

[2] The severance provision of the statute has been recognized as introducing confusion into the law of joint tenancies in real estate. 2 Daniel F. Hinkel, Pindar's Georgia Real Estate Law and Procedure § 19-13.1 at 322 (6th ed. 2004). See also *Mathis v. Hammond*, 268 Ga. 158 (2) (486 SE2d 356) (1997); *Wallace v. Wallace*, 260 Ga. 400, 401, n. 4 (396 SE2d 208) (1990); *Mobley v. Sewell*, 226 Ga. App. 866, 869 (487 SE2d 398) (1997).

of William Biggers's estate. *Barnes v. Mance*, 246 Ga. 314 (271 SE2d 359) (1980); *Harbin v. Harbin*, 261 Ga. App. 244 (1) (582 SE2d 131) (2003).

We have found no Georgia case considering the effect that the vesting of title to real property in a surviving joint tenant would have on a deed to secure debt encumbering the interest of the deceased joint tenant, but the question has arisen and been answered in the context of joint tenancies with right of survivorship in financial instruments. In *Commercial Banking Co. v. Spurlock*, 238 Ga. 123, 125 (231 SE2d 748) (1977), we held that when one joint tenant died, resulting in full ownership of a certificate of deposit vesting immediately in the survivor, a security interest previously created by the deceased joint tenant was extinguished by the termination of the joint tenant's interest. In the present case, the security agreement encumbered William Biggers's interest only and, under the principle applied in *Commercial Banking Co. v. Spurlock*, supra, his death terminated his interest and extinguished the security interest Craig held. Since the deed to secure debt was thus voided, the trial court did not err in so ruling.

2. Appellants' remaining contentions of error are without merit or need not be addressed. The trial court was correct in granting summary judgment to Crook on Craig's counterclaim based on the promissory note executed by William Biggers because there was no evidence Crook was bound by it. Appellant Biggers's counterclaim only sought to void the antenuptial agreement in order to avoid the provision of that agreement denying her any interest in the real property at issue. Because we have ruled that the joint tenancy with right of survivorship was not severed and resulted in the vesting of title to the property in Crook upon the death of William Biggers, appellant Biggers would not be entitled to any interest in the property even if the antenuptial agreement were to be ruled invalid. Therefore, the question of the agreement's validity is moot and need not be considered.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 28, 2008.

*Webb, Tanner, Powell, Mertz & Wilson, Anthony O. L. Powell, Melody A. Glouton, Jody B. Everette*, for appellants.
*David G. Crockett*, for appellee.