In the Supreme Court of Georgia

Decided:   July 8, 2016

S16A0326.   REED v. McCONATHY.

HINES, Presiding Justice.

Gail Levi Reed appeals from the order of the superior court granting Kimberly Hicks McConathy's motion to dismiss Reed's petition for an equitable partition of real property and an accounting.   For the reasons that follow, we reverse and remand for further proceedings.

Reed owned a piece of real property in Catoosa County, on which she operated a florist shop.   In May 2004, she executed a conveyance of the property to her daughter, McConathy, that, according to the pleadings of the parties below, met the requirements of then-OCGA § 44-6-190,[1] and resulted in

[1] As then written, OCGA § 44-6-190 (a), differs from the current version of OCGA § 44-6-190 (a).  The former version of OCGA § 44-6-190 (a)  read:

Deeds and other instruments of title, including any instrument in which one person conveys to himself and one or more other persons, any instrument in which two or more persons convey to themselves or to themselves and another or others, and wills, taking effect after January 1, 1977, may create a joint interest with survivorship in two or more persons. Any instrument of title in favor of two or more persons shall be construed to create interests in common without survivorship between or among the owners unless the instrument expressly refers to the takers as "joint tenants," "joint tenants and not as tenants in common," or "joint

Reed and McConathy owning the property as joint tenants with the right of

---

tenants with survivorship" or as taking "jointly with survivorship." Any instrument using one of the forms of expression referred to in the preceding sentence or language essentially the same as one of these forms of expression shall create a joint tenancy estate or interest that may be severed as to the interest of any owner by the recording of an instrument which results in his lifetime transfer of all or a part of his interest; provided, however, that, if all persons owning joint tenant interests in a property join in the same recorded lifetime transfer, no severance shall occur.

The current version of OCGA § 44-6-190 (a) reads:

(1) Deeds and other instruments of title, including any instrument in which one person conveys to himself or herself and one or more other persons, any instrument in which two or more persons convey to themselves or to themselves and another or others, and wills, taking effect after January 1, 1977, may create a joint interest with survivorship in two or more persons.

(2) Any instrument of title in favor of two or more persons shall be construed to create interests in common without survivorship between or among the owners unless the instrument expressly refers to the takers as "joint tenants," "joint tenants and not as tenants in common," or "joint tenants with survivorship" or as taking "jointly with survivorship."

(3) Any instrument of title using one of the forms of expression referred to in paragraph (2) of this subsection or language essentially the same as one of these forms of expression shall create a joint tenancy estate or interest that may be severed as to the interest of any owner by the recording of an instrument which results in his or her lifetime transfer of all or a part of his or her interest; provided, however, that, if all persons owning joint tenant interests in a property join in the same recorded lifetime transfer, no severance shall occur.

(4) Unless the joint tenancy with the right of survivorship is otherwise disposed of in a final order of divorce or annulment, if either party to an instrument of title creating a joint tenancy with the right of survivorship files an affidavit in the real property records maintained by the clerk of superior court of the county in which the real property is located averring that the parties have been lawfully divorced or their marriage has been annulled that the party intends to terminate the joint tenancy, identifies the book and page of recordation of the deed creating the joint tenancy and attaches a copy of the final order of divorce or annulment and a legal description of the property, the party's interests shall be converted into tenants in common.

2

survivorship.[2]    On October 23, 2007, Reed executed a quitclaim deed transferring all right, title, and interest she possessed in the property to Patricia Page; on October 24, 2007, Page executed a quitclaim deed transferring to Reed any and all interest Page had in the property.[3]

On August 27, 2014, Reed filed a petition for an equitable partitioning of the property and an accounting. McConathy moved to dismiss, asserting that under OCGA § 44-6-160,[4] equitable partitioning is only available when property is held by tenants in common, not joint tenants with the right of survivorship, which she contended the parties were.  Reed responded by citing then-OCGA

---

[2] In this Court, McConathy asserts that the 2004 conveyance did not, in fact, create a joint tenancy with the right of survivorship under then-OCGA § 44-6-190.  However,  in both her pleadings, and during the hearing on her motion to dismiss, McConathy affirmatively stated that the parties were joint tenants with the right of survivorship by virtue of that deed, and presented her motion to dismiss on that basis.

[3] Both quitclaim deeds were recorded on October 30, 2007; the October 23rd deed appears in the deed book before the October 24th deed.

[4] OCGA § 44-6-160 reads:

When two or more persons are common owners of lands and tenements, whether by descent, purchase, or otherwise, and no provision is made, by will or otherwise, as to how such lands and tenements shall be divided, any one of such common owners may apply by petition to the superior court of the county in which such lands and tenements are located for a writ of partition which shall set forth plainly and distinctly the facts and circumstances of the case, shall describe the premises to be partitioned, and shall define the share and interest of each of the parties therein. When the lands in question constitute a single tract situated in more than one county, the application may be made to the superior court of any of such counties.

3

§ 44-6-190, and arguing that the 2007 transfer of Reed's interests to Page severed the joint tenancy under that statute. After a hearing on McConathy's motion to dismiss, the trial court granted the motion.[5]

McConathy's motion to dismiss the petition for partition would have been properly granted if the parties were, at the time of the petition, joint tenants with the right of survivorship as OCGA § 44-6-160 does not provide for partition by such owners, only those who hold title as tenants in common. *Wallace v. Wallace*, 260 Ga. 400, 401 (396 SE2d 208) (1990). But, they were not joint tenants with the right of survivorship at that time. The language of former OCGA § 44-6-190 (a) is clear; a "joint tenancy estate or interest [created under the statute] may be severed as to the interest of any owner by the recording of an instrument which results in his lifetime transfer of all or a part of his interest. . . ." And that is what happened; Reed's 2007 quitclaim deed to Page was a transfer in her lifetime of all of her interest in the property. Compare *Biggers v. Crook*, 283 Ga. 50, 51-52 (1) (656 SE2d 835) (2008), holding that a deed to

[5] Although McConathy contends that an appeal from this order is properly taken to the Court of Appeals, appellate jurisdiction is in this Court, as the order was entered in an equitable partitioning case, bringing it under this Court's title to land jurisdiction. See *Ononye v. Ezeofor*, 287 Ga. 201 (1) (695 SE2d 234) (2010). But see OCGA § 15-3-3.1 (a) (1), effective January 1, 2017, placing appellate jurisdiction of such cases in the Court of Appeals.

4

secure debt was not a conveyance that "results in his lifetime transfer of all or a part of his interest."

McConathy asserts that Reed's 2007 quitclaim deed to Page was not a "lifetime transfer" within the meaning of former OCGA § 44-6-190 (a)'s severance language because it was not a transfer of the property for her lifetime, as she quickly received the property back again.[6]  However, that is of no moment; when Page received a grant of Reed's interest in the property by virtue of the quitclaim deed, it was Page's to do with as she wished.  There was no restriction in the quitclaim deed, and had Page chosen to retain what had previously been Reed's interest, or sell it to another, the quitclaim deed would provide Reed no basis upon which to assert that an interest in the property should be returned to her.  Rather, the reference to "lifetime transfer" in former OCGA § 44-6-190 (a)'s severance language is clearly to distinguish a conveyance during the life of a joint tenant, such as the 2007 quitclaim deed to Page, from an attempted conveyance by devise.  As has been noted in an opinion of the Court of Appeals discussing the application of former OCGA § 44-6-190

_____

[6] McConathy suggests in this Court that as to the 2007 quitclaim deed from Reed to Page, "the issue of fraud should be considered."  No such issue was presented to the superior court, and thus no such issue is before this Court.

5

(a), "[a] will transfers property interests only when it has been probated after the testator's death, so it cannot qualify as an instrument making a lifetime transfer capable of severing a joint tenancy." *Harbin v. Harbin*, 261 Ga. App. 244, 245 (1) (582 SE2d 131) (2003).

The superior court erred in granting the motion to dismiss the petition for partition and an accounting based upon the assertion that the property was held by Reed and McConathy as joint tenants with the right of survivorship. Accordingly, the judgment of the superior court is reversed, and the case is remanded to that court for proceedings consistent with this opinion.

Judgment reversed and case remanded with direction. All the Justices concur.