302 Ga. 637
FINAL COPY

S17A1302. VARGO v. ADAMS.

BENHAM, Justice.

The parties to this appeal were previously a couple, though unmarried. Appellant Adam Vargo purchased the real property in which the parties formerly resided in his own name as sole owner, and executed a purchase money mortgage on it. Shortly thereafter, Vargo executed a warranty deed conveying the property to himself and appellee Brittany E. Adams as joint tenants with the right of survivorship. The couple broke up, and Vargo filed a petition for statutory partition, which was later amended to dismiss that claim and substitute a claim for equitable partition. Vargo testified at the bench trial in this matter that he contributed the down payment to purchase the property and nearly all the mortgage payments made on the loan, and claimed that an inequity exists, requiring equitable partition of the property, due to the disparity of funds he paid toward the purchase of the property compared to that paid by Adams. After conducting a bench trial, the judge

found that equitable partition is not an available remedy to parties who hold property as joint tenants with right of survivorship except in actions for divorce. In the order denying Vargo's petition for equitable partition, the trial judge advised Vargo that he may sever the joint tenancy and then seek either a statutory partition under OCGA § 44-6-160, or equitable partition if no sufficient remedy at law exists. The order also granted Vargo certain of his claims for conversion of items of personal property retained by Adams, but denied Vargo's claim for attorney fees. Vargo filed this appeal.[1] For the reasons that follow, we affirm.

1. When Vargo dismissed his original claim for statutory partition, he correctly concluded that partition pursuant to OCGA § 44-6-160, known as statutory partition, is available only to tenants in common.[2] Because Vargo and Adams are owners of the subject property as joint tenants with the right of survivorship, statutory partition is unavailable to Vargo. See *Wallace*

---

[1] The notice of appeal was filed prior to January 1, 2017, and consequently jurisdiction for this appeal involving issues of equity is properly in this Court and not the Court of Appeals. See OCGA § 15-3-3.1 (a), effective January 1, 2017 (Ga. L. 2016, p. 883, § 6-1 (c)/HB 927). Appeals in future cases of this sort in which the notice of appeal was filed on or after January 1, 2017 will go to the Court of Appeals.

[2] Pursuant to OCGA § 44-6-160, when persons are "common owners of land" for which no provision is made by will or otherwise concerning the division of the land, any owner may apply by petition to the superior court in the county in which the land is located for a writ of partition.

2

*v. Wallace*, 260 Ga. 400 (396 SE2d 208) (1990).  Under the circumstances of this case, equitable partition is also unavailable.  OCGA § 44-6-140 states: "Equity has jurisdiction in cases of partition whenever the remedy at law is insufficient or peculiar circumstances render the proceeding in equity more suitable and just."  Vargo asserts he is entitled to equitable partition under one or both of the requirements described in OCGA § 44-6-140 because, since the parties hold the property as joint tenants with the right of survivorship, they lack a remedy at law, and because the accounting issues regarding the parties' respective contributions to the property represent "peculiar circumstances" that render proceedings in equity appropriate.  He claims the trial court's conclusion that, because the property is not marital property, he must sever the joint tenancy to create a tenancy in common before seeking equitable partition is unsupported by law or logic.  Vargo is mistaken.

The trial court properly applied well-settled property law when it concluded Vargo may seek a partition of the subject property only after the joint tenancy is severed.  For example, in *Reed v. McConathy*,[3] Reed was, like Vargo, originally the sole owner of the subject property who later

[3] *299 Ga. 471, 472-473 (788 SE2d 769) (2016).*

3

conveyed the property to a person to whom she was not married in a manner that resulted in the two titleholders owning the property as joint tenants with the right of survivorship. Several years later, Reed executed a quitclaim deed transferring all her interest in the property to a third party, who then immediately executed a quitclaim deed transferring back to Reed all interest the third party held in the property. A number of years afterward, Reed filed a petition for equitable partition and an accounting. This Court reversed the trial court's order dismissing the petition, finding that because the joint tenancy had been severed, the conclusion that the property could not be equitably partitioned because it was held in a joint tenancy was erroneous. Id. at 473. Pursuant to what is now OCGA § 44-6-190 (a) (3), a transfer during the life of one of the joint tenants of all or part of his or her interest in the property serves to sever the joint tenancy. At that point, it becomes property held by tenants in common, which is subject to equitable partition. Accord *Reed*, id.

The trial court did not err by denying the equitable relief Vargo sought. Further, it offered Vargo a proper solution for severing the joint tenancy with the right of survivorship he created and creating instead a tenancy in common, for which equitable partition may be an available remedy.

4

2.      Vargo sought the equitable partition of real property owned by unmarried parties as joint tenants with the right of survivorship. In her initial response to Vargo's petition, Adams raised the defense that the petition should be dismissed because it failed to state a claim upon which relief can be granted. Vargo was granted a full and fair opportunity to litigate the issue of whether he was entitled to equitable partition pursuant to the circumstances of this case in a two-day bench trial. The trial court noted in its order denying the petition for equitable partition that Vargo had failed to present any authority for equitable partition of property held as joints tenants with the right of survivorship except in actions for divorce. As noted in Division 1, the trial court properly concluded that equitable partition is not available to unmarried parties who own property as joint tenants with the right of survivorship. This distinction between married and unmarried joint tenants is because divorce and the division of marital property have always been regarded as equitable. See *Gorman v. Gorman*, 239 Ga. 312, 314 (236 SE2d 652) (1977). Generally speaking, marital property is to be equitably divided upon the divorce of married persons, and this includes real property that is marital property whether owned in common by the parties to the

marriage or as joint tenants with the right of survivorship. Cf. *Gorman*, id.[4]

Adams did not specifically assert this argument as grounds for the dismissal of Vargo's petition. Nevertheless, we reject Vargo's assertion that the trial court's ruling was made "sua sponte" in such a manner that it denied him the fundamental right of due process because it amounted to a dispositive ruling on an issue not raised by the parties, and on which he was not granted the opportunity to be heard. The trial court simply applied the well-settled law of Georgia. In this state, the general rule is that parties who own property as joint tenants with the right of survivorship are not entitled to equitable partitioning, the exception being for married parties who are seeking the equitable division of marital property in a divorce proceeding. That circumstance does not exist in this case, and the trial court properly denied the petition.

Judgment affirmed. All the Justices concur.

---

[4] In *Mallard v. Mallard*, 297 Ga. 274 (773 SE2d 274) (2015), certain real property that was originally owned solely by the wife was conveyed by her, prior to the marriage, to the parties as joint tenants with the right of survivorship. For the purposes of equitable division of the property, this Court drew a distinction between the property itself, in which the parties owned a premarital joint interest and was thus not a marital asset, and the retired debt on the property, which was retired by the sole contribution of the husband during the marriage for the express purpose of benefiting both parties, and was thus a marital asset to be equitably divided.

Decided October 2, 2017 – Reconsideration denied November 14, 2017.

Title to land. Jackson Superior Court. Before Judge McLocklin.

Richard S. Alembik, for appellant.

Cowsert Heath, David F. Ellison; Wanda L. Barnett & Associates, Wanda L. Barnett; RCO Legal, Lori L. McGowan, Susan B. Shaw; Russell & Mingledorff, John D. Russell, for appellee.